## C. H. SMITH v. GRAYSON COUNTY.

### Delivered December 18, 1897.

**1. Local Laws—Road Law.**

A statute creating a more efficient road system for specified counties is a local statute within article 3, section 57, of the Constitution, providing that no local or special law shall be passed unless notice of the intention to apply therefor has been published in the locality affected for a specified time.

**2. Same—Constitutional Construction.**

Article 3, section 57, of the Constitution, providing that no local or special law shall be passed unless notice of intention to apply therefor shall have first been published in the locality, does not apply to an act creating a more efficient road system in specified counties, since article 8, section 9, provides that the Legislature may pass local laws for the maintenance of public roads and highways without the notice required for local or special laws.

**3. Same—Same.**

A provision in the Constitution (article 8, section 9) that the Legislature may pass local laws for the maintenance of public roads without the local notice required for special laws, is applicable to a statute which provides for the creation as well as the maintenance of a road system for certain counties.

**4. Same—Same.**

The provision of article 11, section 2, of the Constitution, that the laying out, construction, and repairing of county roads shall be provided for by general laws, does not inhibit the passage of local road laws for particular counties, since article 8, section 9, specially provides that the Legislature may pass local laws for the maintenance of public roads and highways.

**5. Same—Same.**

The provision of article 3, section 56, of the Constitution, that the Legislature shall not, except as otherwise provided, pass any local law in specified cases and in "all other cases where a general law can be made applicable," does not inhibit the passage of a local act providing for a road system for specified counties, under article 3, section 9, authorizing the Legislature to pass local laws for the maintenance of public roads and highways.

**6. Same—Legislative Function.**

It is the sole province of the Legislature to determine whether or not a general law can be made applicable.

**7. Same—Title of Act.**

The provision of the Act of the Twenty-second Legislature, chapter 24, section 7, that the commissioners court may, in its discretion, work the county convicts on the public roads, but shall not pay any costs that may be adjudged against such convicts, is within its title, "An Act to create a more efficient road system for the counties of Grayson . . . and further defining the powers and duties of the commissioners courts of said counties."

**8. County Convicts—Costs of Conviction.**

The provision of article 3600 of the Revised Statutes of 1879, that when a convict has satisfied the fine and costs in full by labor on the public works of the county or in the workhouse, the county shall pay the officers their costs, was not repealed by article 3744, Revised Statutes of 1895, relating exclusively to hiring out convicts.

APPEAL from Grayson.   Tried below before Hon. DON A. BLISS.

*Galloway & Dunlap* and *Hazelwood & Smith,* for appellant.

*Beaty & Culver,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by appellant against appellee November 15, 1893, appellant alleging that for the years 1890 to 1892 he was the duly elected and qualified county attorney of Grayson County, Texas, and that said county was indebted to him in the sum of $1098.70 on account of costs and commissions against parties convicted in the justice and county courts in said county, said county having worked said convicts on county roads of said county, and having discharged said convicts.   That the account was duly presented to the commissioners court and rejected, and suit filed immediately thereafter; an itemized statement of said account was attached to plaintiff's petition and made a part thereof.

The appellee answered by a general denial, by general and special exceptions, and specially, that said county was not liable to appellant for such costs and commissions on account of an act of the Twenty-second Legislature of the State of Texas, which act was entitled "An act to create a more efficient road system for the counties of Grayson and other counties, etc."   It was specially provided and enacted that in said counties the commissioners court should not pay any costs that might be adjudged against said convicts when worked upon the public roads.   Appellee further plead the statute of two years limitation.

Appellant filed a supplemental petition in answer to defendant's answer, and alleged, first, that the act of the Legislature pleaded by appellee is unconstitutional and void in so far as it affects appellant's rights to said costs and commissions; and in answer to that portion of said answer in which appellee plead the statute of limitations of two years, he alleged that said account was presented within two years, but that said commissioners court took the same under advisement, and did not reject said claim until on or about November 15, 1893, when appellant immediately instituted this suit.

This case was submitted to the court upon an agreed statement of facts, and the court rendered judgment in favor of appellee, Grayson County, that the appellant take nothing by his said suit, and pay all costs, to which judgment appellant excepted, gave notice of appeal, and has duly prosecuted same to this court.

The court filed its conclusions of law on said agreed statement of facts, to which conclusions appellant excepted.

The following is the agreed statement of facts:   "The plaintiff C. H. Smith was duly elected county attorney of Grayson County, Texas, in November, 1890; the plaintiff qualified as such county attorney in November, 1890, and the plaintiff was the qualified and acting county attorney of said Grayson County from November, 1890, until November

20, 1892. That from July 1, 1891, to November 20, 1892, a large number of persons were convicted of misdemeanors by plaintiff as such county attorney, and worked out the fines and costs adjudged against them on the public roads of said Grayson County under the orders and direction of the commissioners court of said county.

"That such fees and commissions so worked out amounted to $1098.70, and the plaintiff's account of same attached to his petition is correct.

"That on February 10, 1893, plaintiff presented his claim for such fees and commissions so worked out on the public road to the commissioners court of said county for payment, and that his said claim was held under advisement until November, 1893, when the same was by the court rejected, and plaintiff brought this suit.

"It is further agreed that no notice of the intention to apply for such a law as that enacted in chapter 54, acts of the Twenty-second Legislature, was ever published in Grayson County or elsewhere, and that no attempt was made to comply with the provisions of article 3, section 57, of the Constitution before said act was presented to and passed by the Legislature."

*Opinion.*—Appellant's first assignment of error is as follows: "The court erred in its first conclusion, to the effect that section 7, chapter 54, of the act passed by the Twenty-second Legislature, creating a more efficient road system for the county of Grayson, etc., is constitutional, because the same is in conflict with section 56, article 3, of the Constitution and also with section 57, article 3 of the Constitution."

The first inquiry that arises is: Is this a *local* or *special* law? The words "local law" and "special law," as used in section 23, article 16, of the State Constitution, are held to be synonymous terms. Lastro v. State, 3 Texas Civ. App., 374. We think, as used in sections 56 and 57, article 3, and section 9, article 8, of the State Constitution, that they are synonymous terms. A law which only applies to a particular locality is a local or special law. Holly v. State, 14 Texas Civ. App., 514.

The caption of this statute limits it to particular counties therein named. The Legislature that enacted the statute treated it as a local or special law. In section 26, chapter 97, of the General Laws, passed by the same (Twenty-second) Legislature, page 154, this statute is called a special law. We think the statute is a local or special statute.

It being a local or special law, it is contended by appellant that it is in conflict with section 56, article 3, of. the Constitution, which provides that the Legislature shall not, except as otherwise provided in this Constitution, pass any local law authorizing: (1) regulating the affairs of counties; (2) laying out, opening, altering, or maintaining of roads, highways, etc.; (3) creating offices; (4) regulating the practice or jurisdiction of, or changing of evidence in, any judicial proceeding or inquiry before courts, * * * or providing or changing methods for the collection of debts or the enforcing of judgments; (5) in all other cases where a general law can be made applicable.

Section 57, article 3, of the Constitution, provides that no local or special law shall be passed unless notice of the intention to apply for it shall have been published in the locality where the matter or thing to be affected may be situated   *   *   *   at least twenty days prior to the introduction into the Legislature of such bill." No notice of the intention to apply for the passage of this statute was given as provided by the above section of the Constitution. Unless some other clause of the Constitution makes it unnecessary to give the notice required by the above section, the law can not stand.

Again, if the law embraces any of the matters prohibited by section 56, article 3, above quoted, it can not stand, unless it is otherwise provided by the Constitution.

By section 9, article 8, of the Constitution, it is otherwise provided that " the Legislature may pass local laws for the maintenance of public roads and highways without the local notice required for local or special laws." By this clause of the Constitution, it is expressly provided that the Legislature may pass local or special laws for the maintenance of public roads and highways, and that, too, without giving the local notice required by section 57, article 3. Electric Light Co. v. City of Dallas, 83 Texas, 243; Texas Savings Assn. v. Pierre's Heirs, 31 S. W. Rep., 426. This clause is an express grant of authority to the Legislature authorizing it to pass local laws without local notice for the maintenance of public roads and highways. It was not a part of the original Constitution, adopted in 1876, but is an amendment to section 9, article 8, adopted in 1890. This section has been amended twice—once in 1883, and again in 1890—each time enlarging the powers conferred upon the Legislature.

It would seem that if there was any repugnancy (and we see none) between sections 56 and 57, article 3, and section 9, of article 8, that the expression made by the amendment in 1890 would control. Railway v. Rambolt, 67 Texas, 656.

It is insisted, however, that this clause of the Constitution limits the purposes for which local laws may be passed to the *maintenance* of roads already constructed, and would not authorize the passage of a statute creating a road system. We do not think the word *maintenance*, as used in this section of the Constitution, was intended to be used in this restricted sense. By the use of the words, *maintenance of public roads and highways*, the framers of the Constitution had reference to maintaining a system of public roads and highways which would include all the necessary powers to provide and keep up a system of highways. Brown v. Graham, 58 Texas, 254.

Again, it is contended that this construction of section 9, article 8, will render nugatory section 2 of article 11, which reads: "The construction of jails, courthouses and bridges, and the establishment of county poorhouses and farms, and the laying out, construction and repairing of county roads, shall be provided for by general laws."

This section requires the Legislature to provide for the laying out, construction, and repairing of county roads by general laws; while sec-

tion 9, article 8, authorizes the Legislature to pass local laws for the maintenance of public roads and highways. It will be seen that section 2, article 11, does not expressly prohibit the passage of local laws for the laying out, construction and repairing of county roads; while section 9, article 8, does expressly provide that local laws may be passed for the maintenance of public roads and highways. When one section of the Constitution expresses a general intention to do a particular thing, and another section expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception. Potter's Dwarris on Stats., p. 273. The reasonable and fair import of section 2, above quoted, is that the Legislature shall provide for a road system for the counties of the State, and authorizes it to be done by general law; and section 9, above quoted, authorizes the Legislature to make this provision by local law. This authority is only cumulative of the former. Railway v. Rambolt, supra; Erwin v. Blanks, 60 Texas, 585.

It is contended that the duties and compensation of county attorneys are fixed by general law, and that the same can not be changed by special law, and that section 56, article 3, of the Constitution, expressly provides that no local law shall be passed where a general law can be made applicable.

The authority for the Legislature to pass the act in question is found in section 9, article 8, and not in section 56, article 3, of the Constitution, and hence, none of the prohibitions contained in section 56, article 3, are applicable to this act. It has been held that the prohibitions, limitations, and requirements contained in section 56, article 3, were intended to operate on such subjects as were embraced alone by that section, and not upon such as are exempted from it. Electric Light Co. v. City of Dallas, supra. And we find, that it has been held that where this prohibition applies—i. e., no local law shall be passed where a general law can be made applicable—that it is the sole province of the Legislature to determine whether or not a general law can be made applicable. State v. Hitchcock, 1 Kan., 178; Gentile v. State, 29 Ind., 409; State v. Tucker, 46 Ind., 355; Marks v. Trustees, 37 Ind., 155; State v. County, 50 Mo., 317, Sup. Ct. (11 Am. Rep., 415); Davis v. Gaines, 48 Ark., 370; Cool. Const. Lim., 7 ed., p. 200.

Appellant submits that so much of section 7, chapter 54, acts of Twenty-second Legislature, as provides that the commissioners court shall not pay any costs that may be adjudged against convicts worked upon the public roads is not embraced in the title of the act, and is not germane thereto, and is in violation of section 35, article 3, of the Constitution. This section of the Constitution provides that no bill shall contain more than one subject, which shall be expressed in the title; and if any subject embraced in an act is not expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed. The title of the act in question is: "An Act to be entitled an act to create a more efficient road system for the counties of Grayson, Dallas,

Galveston, Brown, ·Comanche, Mills, Fannin, Travis, Hunt, Hill, Kaufman, and Fayette, in the State of Texas; authorizing the employment of a road commissioner, defining his duties, prescribing penalties for his failure to perform his duties, and further defining the powers and duties of the commissioners court of said counties under said act."

That part of section 7 of said act complained of as not embraced in or germane to the title, is, "the commissioners court of the county may, in its discretion, work the county convicts of said county upon the public roads, but it shall not pay any costs that may be adjudged against said convicts."

By section 24, article 16, of the Constitution, the Legislature is required to make provision for the laying out and working of public roads, for the building of bridges, and for utilizing fines, forfeitures, and convict labor to all these purposes. By section 18 of article 5 the commissioners court is given such power and jurisdiction over all county business as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.

Section 3, article 16, of the Constitution, requires the Legislature to make provision whereby persons convicted of misdemeanors and committed to county jails in default of payment of fines and costs, shall be required to discharge such fines and costs by manual labor, under such regulations as may be prescribed by law.

The Legislature did make provision by authorizing the commissioners court to provide for the erection of workhouses and establish county farms for utilizing the labor of county convicts, and placed the same under the management of the commissioners court. Rev. Stats., chap. 9. The commissioners court was also authorized to put the county convicts to work upon the public roads, bridges or other public works when their labor could not be utilized in the county workhouse or farm. Rev. Stats., art. 3733.

By this act, when the county convict had satisfied his fine and costs in full by labor in the workhouse or upon the county roads, the county was required to pay the costs upon a warrant therefor being issued by the county judge. Rev. Stats. 1879, art. 3600. This act was amended in 1895, making the county responsible for only one-half the costs. Rev. Stats. 1895, art. 3742. By chapter 9, title 79, Revised Statutes, the county convicts are placed under the control of the commissioners court. The powers and duties of that court required it to make provision for and pay the costs taxed against the convict. By section 7 of the act in question the powers and duties are so changed that the commissioners court shall not have the power to pay any costs that may be adjudged against such convict. If the title to the act fairly gives reasonable notice of its subject matter, the act will be upheld. The main subject of this act is the creating of a system of public roads and highways, and in furtherance of this purpose the commissioners court is authorized in its discretion to utilize the labor of county convicts; and the commissioners court, in its duties of managing the business of the county and controlling the convicts, is

prohibited from paying the costs that may be adjudged against the convict. The terms employed in the title of this act are fairly indicative of the subject matter of the act, and fully meet the requirements of section 35, article 3, of the Constitution. Cool. Const. Lim., p. 176; Stone v. Brown, 54 Texas, 341; Tadlock v. Eccles, 20 Texas, 792; Johnson v. Martin, 75 Texas 40; Austin v. Railway, 45 Texas, 266; Giddings v. San Antonio, 47 Texas, 548.

We are of the opinion that section 7, chapter 54, of the laws of the Twenty-second Legislature, is constitutional. This holding renders it unnecessary to discuss the point raised in the other assignment of error.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.