## HARRIS COUNTY v. CROOKER et al. (No. 2274.)

(Court of Civil Appeals of Texas. Texarkana. July 2, 1920. On Motion of Appellant for Rehearing, Oct. 14, 1920.)

1. **Statutes** ⚖➝76(4) — **Legislative determination as to applying general law to compensation of district attorney conclusive.**

Negative determination by Legislature in Laws 1911, c. 67, that the statute, so far as undertaking to fix the compensation of the district attorney for the criminal district court for Harris county, was about a matter to which a general law could have been made applicable, *held* conclusive of the point, so that the statute was not violative of Const. art. 3, § 56, prohibiting any local or special law where a general law can be made applicable.

2. **Statutes** ⚖➝94(1)—**Act fixing compensation of district attorney not invalid attempt to regulate affairs of county.**

Laws 1911, c. 67, providing for compensation of the district attorney for the criminal district court of Harris county, *held* not violative of Const. art. 3, § 56, prohibiting any local or special law regulating the affairs of counties.

3. **District and prosecuting attorneys** ⚖➝5(1)— **Fees held not to belong to county.**

Money collected by the district attorney of a county as fees for discharging his duties on behalf of the state did not belong to the county.

4. **Statutes** ⚖➝67—**Constitutional authorization of special law for creation of court included power to fix compensation of district attorney.**

Const. art. 5, § 1, specifically conferring on the Legislature power to enact a special law creating and providing for the organization of the criminal district court of Harris county, gave the Legislature power to include everything necessary to be done to such end, including provision for compensation to those who were to constitute the court, as the district attorney; the inhibition of Const. art. 2, § 56, against special laws regulating the affairs of counties, not applying to Gen. Laws 1911, c. 67, creating such criminal district court and fixing the compensation of the district attorney.

On Motion of Appellant for Rehearing.

5. **District and prosecuting attorneys** ⚖➝5(1) —**Required to pay over only such part of fees as statute expressly directs.**

Under Laws 1911, c. 67, the district attorney for the criminal district court of Harris county is bound to pay over to the county only the part of the fees earned by him he is expressly directed to pay over, and may retain all others, whether earned in the court or not.

---

⚖➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by the County of Harris against John H. Crooker and others. From judgment for defendants, plaintiff appeals. Affirmed.

Appellee Crooker served as the criminal district attorney for Harris county from December 23, 1914, to November 30, 1917. This was a suit by appellant against said Crooker to recover $58,775.99, alleged to be the amount retained by him of fees he collected as such district attorney in excess of the amount he was entitled to retain; against appellees J. H. Kirby, M. McDonald, J. N. Taub, Mrs. Julia E. Cage, individually and as independent executrix of the will of Rufus Cage, deceased, as the sureties on a bond of said ·Crooker as ·such district attorney, to recover $5,000, the amount of said bond; and against the Fidelity & Deposit Company of Maryland, as the sureties on another bond of said Crooker as such district attorney, to recover $5,000, the amount of that bond. The appeal is by Harris county from a judgment that it take nothing by its suit.

It is conceded that the judgment should be affirmed unless Act March 13, 1911 (General Law, p. 111), entitled

"An act to change the territorial limits of the criminal judicial district composed of Galveston and Harris counties so as to hereafter include Harris county alone, and to establish and create within the limits of Harris county, Texas, a separate criminal district court for Harris county alone; to provide for the jurisdiction of and procedure in said court; to fix the terms of the criminal district court of Harris county; to provide for the election, qualification, powers and compensation of a judge of said court; to provide for the election, qualification, powers and compensation of a clerk and district attorney for said court; to provide for appointment of assistants to the district attorney and deputy clerks, and to provide for their powers, duties and method of payment; abolishing the criminal district court of Galveston and Harris counties in so far as the same embraces the county of Galveston," etc.

—was invalid so far as it undertook to fix the amount to be retained by the district attorney therein provided for of the fees collected by him. Appellant insisted in the court below, and insists here, that the act ·of the Legislature in undertaking to provide for the compensation of said district attorney was forbidden by section 56 of article 3 of the Constitution, which, in the respects it is claimed to be applicable, is as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law * * * regulating the affairs of counties," etc. "And in all other cases where a general law can be made applicable, no local or special law shall be enacted."

At the time, to wit, April 18, 1876, the ·Constitution took effect, the criminal district court of Galveston and Harris counties existed by force of Act July 23, 1870 (General Law, p. 39), as amended by Act May 18, 1871 (General Laws, p. 94), which defined its district and jurisdiction and provided for its organization. By the terms of said acts the Governor was to appoint a judge for said court, who was to receive "the same salary as judges of the district courts"; a district attorney, whose duties were declared to be "the same in said court as other district attorneys in the district courts," and who was to receive the same salary and the same fees "allowed by law to attorneys of the district courts"; and a clerk, whose duties were declared to be "the same, in all matters appertaining to said court, as duties of clerks of the district court," and who was to receive a salary of "$1,000 a year, to be paid by the county court of the county," and the fees "allowed by law to clerks of the district courts." The sheriffs of Galveston and Harris counties were to "attend upon said courts and receive the same fees to which they were entitled by law."

In section 1, art. 5, of said Constitution, the people declared that—

"the criminal district court of Galveston and Harris counties shall continue with the district, jurisdiction and organization now existing by law until otherwise provided by law."

By Act March 13, 1911, hereinbefore referred to, the county of Harris was ·made a separate criminal judicial district, and "the criminal district court Harris county" (which, it was declared, was to "be taken and deemed to be, in respect of all matters of jurisdiction, records, and procedure, a continuation of the criminal district court of Galveston and Harris counties as now organized for Harris county") was "created and established." By the terms of the act said criminal district court for Harris county was to—

"have original and exclusive jurisdiction over all criminal cases, both felony and misdemeanor, in the county of Harris, of which district and county courts under the Constitution and laws of this state, have original and exclusive jurisdiction, and * * * exclusive appellate jurisdiction over all criminal cases tried and determined by justices of the peace, mayors and recorders in said county of Harris."

Provision was made in section 19 of the act (Vernon's Sayles' Ann. Civ. St. 1914, art. 345a) for the election of an attorney for said court, to be styled "the criminal district attorney of Harris county," who "shall possess," it was declared,

"all of the qualifications and take the oath and give the bond required by the Constitution and laws of this state, of other district attorneys."

In the same section of the act it was declared to be—

"the duty of said criminal district attorney, or of his assistants, as hereinafter provided, to be in attendance upon each term of said criminal district court of Harris county and to represent the State in all matters pending before said court. And he shall have exclusive control of all criminal cases wherever pending, or in whatever court in Harris county that now has jurisdiction of criminal cases, as well as any or all courts that may be hereafter created and given jurisdiction of any criminal cases, and he shall collect the fees therefor provided by law. He shall also have control of any and all cases heard on habeas corpus before any civil district court of Harris county, as well as before the criminal court of said county. The criminal district attorney of Harris county shall have and exercise in addition to the specific powers given and imposed upon him by this act, all such powers, duties and privileges within said criminal district court of Harris county as are by law now conferred or which may hereafter be conferred upon district and county attorneys in the various counties and judicial districts of this state."

Sections 20 and 21 of said act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 345b, 345c) are as follows:

"Sec. 20. The said criminal district attorney of Harris county shall be commissioned by the Governor and shall receive a salary of five hundred dollars per annum, to be paid by the state, and in addition thereto shall receive the following fees in felony cases, to be paid by the state: For each conviction of felonious homicide, where the defendant does not appeal or dies, or escapes after appeal and before final judgment of the Court of Criminal Appeals, or where, upon appeal, the judgment is affirmed, the sum of forty dollars. For all other convictions in felony cases, where the defendant does not appeal, or dies, or escapes, after appeal, and before final judgment of the Court of Criminal Appeals, or where upon appeal, the judgment is affirmed, the sum of thirty dollars; provided, that in all convictions of felony, in which punishment is fixed by the verdict and judgment by confinement in the house of correction and reformatory, his fee shall be fifteen dollars. For representing the state in each case of habeas corpus where the defendant is charged with a felony, the sum of twenty dollars. For representing the state in examining trials, in felony cases, where indictment is returned, in each case, the sum of five dollars. The criminal district attorney shall also receive such fees in misdemeanor cases, to be paid by the defendant and by the county, as is now provided by law for district and county attorneys, and he shall also receive such compensation for other services rendered by him as is now, or may hereafter be, authorized by law to be paid to other district and county attorneys in this state.

"Sec. 21. The criminal district attorney of Harris county shall retain out of the fees earned by him in the criminal district court of Harris county the sum of twenty-five hundred dollars per annum, and in addition thereto, one-fourth of the gross excess of all fees in excess of twenty-five hundred dollars per annum, the three-fourths of the excess over and above twenty-five hundred dollars per annum, remain-

ing, to be paid by him into the treasury of Harris county. It is provided that in arriving at the amount collected by him, he shall include the fees arising from all classes of criminal cases of which the criminal district court of Harris county has original and exclusive jurisdiction, whether felony, misdemeanor, habeas corpus hearings, or commission on fines and forfeitures collected in said court, it being the intention of this act that the criminal district attorney of Harris county shall include all fees of every kind and class earned by him in said criminal district court in arriving at the amount collected by him; it being further provided that at the end of each year he shall make a full and complete report and accounting to the county judge of Harris county of the amount of such fees collected by him."

By the terms of Act June 16, 1897 (General Laws, p. 5, and see page 42), known as the "Maximum Fee Bill," entitled—

"An act to fix certain civil fees to be charged by certain county and precinct officers, and to fix and limit the fees and compensation of clerks of the district court, district attorneys, county attorneys, sheriffs and constables in felony cases, to be paid by the state, and to fix the compensation of assessors and collectors of taxes, and to limit and regulate the compensation of the sheriff, clerk of the county court, county judge, district and county attorney, clerk of the district court, assessor and collector of taxes, justices of the peace and constables," etc.

—a district attorney was allowed to retain of fees he collected "an amount not exceeding $2,500 per annum, inclusive of the $500 allowed by the Constitution and paid by the state." The act was amended by Act April, 3, 1913 (General Laws, p. 246), so as to allow such an attorney in a county containing as many as 38,000 inhabitants (and Harris county contained more that 100,000, if his fees exceeded the amount necessary to pay him the $2,500, to retain in addition to that sum one-fourth of the excess "until such one-fourth amounts to the sum of $1,500." And by force of Act March 9, 1917 (General Laws, p. 123 [Vernon's Ann. Civ. St. Supp. 1918, art. 340a]), a district attorney in a county having more than 100,000 inhabitants was entitled—

"to receive a salary of $500 as provided for in the Constitution, * * * and all fees, commissions and prerequisites earned by such office; provided, that the salary and fees contemplated shall not exceed the sum of $6,000 in one year."

Louis, Campbell & Nichilson, of Houston, for appellant.

John H. Crooker, John C. Williams, R. L. Whitehead, and Gill, Jones, Tyler & Potter, all of Houston, and Campbell, Greenwood & Barton, of Palestine, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] In the view we take of the case it is not necessary to determine whether

Act March 13, 1911, referred to in the statement above, was a local or special law, within the meaning of section 56 of article 3 of the Constitution, so far as it undertook to fix the compensation of the officer therein designated as "The criminal district attorney of Harris county"; for if it was such a law in that respect, it was not for that reason alone invalid. To have been within the inhibition in said section of the Constitution, the act in the respect stated must not only have been a local or special one, but it also must have been about one of the subjects specified in it, or about a matter to which a general law could not have been made applicable. Whether it was about such a matter or not was a question for the Legislature, and its determination of it in the negative was conclusive of the fact that fixing the compensation of said district attorney was a matter to which a general law would have been inapplicable. Beyman v. Black, 47 Tex. 558; Smith v. Grayson Co., 18 Tex. Civ. App. 153, 44 S. W. 921.

Therefore, if the act was invalid in the respect stated, it must have been because it was about a subject the Legislature was forbidden to legislate about otherwise than by a general law, and this, as we understand it, is the view appellant takes of the question. Its contention is that the act in the respect stated is invalid because it undertook, in the face of the inhibition in said section of the Constitution, to regulate the affairs of Harris county, and it concedes that the judgment should be affirmed if the contention should be overruled.

[2] We have not been able to see how fixing the compensation of the district attorney provided for in the act could be a regulation of the affairs of said county. The duties devolved on him by the act were to be performed on behalf of the state, and not on behalf of the county as an entity distinct from the state.

[3] Money collected by him as fees for discharging those duties did not belong to the county. Bexar County v. Linden, 220 S. W. 761.

The argument is that by the terms of the general law, referred to in the statement above as the "Maximum Fee Bill," Harris county was entitled to the sum it sued for as "excess fees" collected by the district attorney; that the act in question, if given effect in the respect specified, would deprive said county of said sum; and that such deprivation would be a regulation of its affairs.

While it also cites other cases as sustaining its contention, appellant seems to rely mainly on Hall v. Bell Co., 138 S. W. 178 and 105 Tex. 558, 153 S. W. 121; Altgelt v. Gutzeit, 187 S. W. 220, and 201 S. W. 400; and Ward v. Harris Co., 209 S. W. 794. For reason suggested above, we do not think either of these cases supports the contention.

In the one first cited the effect of the special act in question was to relieve Bell county from the operation of the law which provided auditors for counties in its class. The court held that this was an indirect regulation of the affairs of Bell county, in that it provided a method for the management of its affairs different from that provided for other counties in its class.

The attack in the Altgelt Case was on that part of the special act providing a road system for Bexar county, which undertook to compensate the county commissioners by paying each of them a salary of $2,400 per annum "out of," quoting,

"the general fund of the road and bridge fund, or any other available fund or the special road and bridge fund, * * * in lieu of all other fees and per diem of all kinds now payable or that may hereafter be allowed by general law." Loc. & Sp. Laws 1913, c. 77, § 5.

The provision was plainly a regulation of the affairs of Bexar county, and the court so held.

The Ward Case was like the one last referred to. The special acts in question there undertook to provide compensation for the county judge of Harris county different from, and in excess of, that provided by the general law for county judges in counties in its class. The court said it was clear "that the fixing of the compensation to be paid a county judge by a particular county is a regulation of the affairs of the county within the purview of" section 56 of article 3 of the Constitution.

It will be noted, if the respective special acts in question in those cases are examined, that the provision in each of them was for compensation out of county funds of county officers for services performed for the county.

If the act in question here is a special one in the respect stated, and if providing compensation for the district attorney mentioned therein was a matter to which a general law could not be made applicable, there is another view of the case which we think also requires an affirmance of the judgment, even if providing such compensation was a regulation of the affairs of Harris county. It is clear that the Legislature, by force of the part of section 1 of article 5 of the Constitution set out in the statement above had power by a special law to create and provide for the organization of the criminal district court of Harris county. It is also clear, we think, that providing a district attorney for that court was involved in the power the Legislature had to create and organize it. If it was, then one of two things must be true—either the power to provide for the district attorney and define his duties involved the further power to provide compensation to him for discharging those duties, or the Legislature could not by any kind of a law provide such

compensation; for it had determined, as it had a right to, that it was not a matter to which a ·general law could be made applicable.

[4] We think it should be held that, when the people by said section 1 of article 5 specifically conferred upon the Legislature power to enact a special law creating and providing for the organization of the court referred to, they intended the power to include everything necessary or proper to be done to that end, and that one of the things necessary and proper to be done was to provide compensation for those who were to constitute the court. Of course, if that was the intention of the makers of the Constitution, they did not intend that the inhibition in section 56 of article 3 against special laws regulating the affairs of counties should be applied to the case.

The judgment is affirmed.

### On Motion of Appellant for Rehearing.

[5] It is insisted in the motion that, even if the act of 1911 was valid in the respect referred to in the opinion, it did not authorize appellee to retain the sums, or any part of same, earned by him otherwise than in the criminal district court of Harris county, and therefore that the judgment should have been in appellant's favor for the sums earned out of said court by appellee as district attorney. It is argued that when the Legislature expressly declared in said act that the district attorney might retain part of the fees he earned in said court, and said nothing about his retaining the sums or any of same he earned out of said court, the effect was to ·deny him a right to retain the sums or any of same he earned elsewhere than in said court, and to make it his duty to pay same over to Harris county. But we think the course pursued by the Legislature should, instead, be construed as meaning that the district attorney was bound to pay over to said county only the part he was expressly directed to pay over of the fees he earned, and was to retain as compensation for his services the fees he was not expressly directed to pay over to the county, whether same were earned in said court or out of it. The motion, therefore, is overruled.