

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 8, 1947

Hon. Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Opinion No. V-332

Re:  Constitutionality of
     H. B. 683, 50th Legis-
     lature, relative to
     salaries of assistant
     district attorneys.

Dear Sir:

Your request for an opinion from this office on the above subject matter is as follows:

"The District Judges and Commissioners Court of McLennan County have approved appointments and set salaries of assistant district attorneys in accordance with the provisions of House Bill #683 of the 50th Legislature. I shall thank you to advise me as to the constitutionality of this law.

"An inquiry directed by me to the District Attorney of this county concerning this question brought the reply that he would probably be disqualified to pass on the question by reason of the fact that it involves his office and he asked that I address my inquiry directly to you."

H. B. 683, Acts of the 50th Legislature, p. 364, Vernon's Texas Session Law Service, reads in part as follows:

"Section 1. That from and after the passage of this Act, in a Judicial District composed of one or more counties and in which the population in any one of said counties, as determined by the last preceding Federal Census, is not less than seventy thousand (70,000) and not more than two hundred and twenty thousand (220,000) inhabitants, and in which county there are two (2) or more District Courts the District Attorney or the Criminal District Attorney, with the consent of the combined majority of the District Judges and Commissioners Court of such

county, is hereby authorized to appoint at their discretion, not more than six (6) investigators or assistants who shall receive a salary of not more than Three Thousand, Seven Hundred and Fifty Dollars ($3,750) per annum, nor less than Three Thousand Dollars ($3,000) per annum, the amount of such salary to be fixed by the District Attorney or Criminal District Attorney and approved by a majority of the District Judges; such investigators or assistants, as well as the District Attorney or Criminal District Attorney shall be allowed a reasonable amount for expenses not to exceed Six Hundred Dollars ($600), each, per annum. . . .

"Sec. 2. Said District Attorney and Criminal District Attorney shall also be authorized to appoint a stenographer. . .

"Sec. 3. The salary of such investigators or assistants and stenographer, and the expenses provided for in this Act shall be paid monthly by the Commissioners Court of such county out of the General Fund of the county or, at the discretion of the Commissioners Court, out of the Jury Fund of said county; said investigators or assistants may be required to give bond and shall have authority under the direction of the District Attorney or Criminal District Attorney to make arrests and execute process in criminal cases and in cases growing out of the enforcement of all laws."

Generally, the bill meets the constitutional requirements of being limited to one subject which is expressed in its title, and of being sufficiently certain and definite in its terms. The bill, however, is what is commonly referred to as a "bracket bill." We assume, therefore, that your specific question is whether this bill violates Article III, Section 56, of the Texas Constitution which reads in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, . . . .

"Regulating the affairs of counties. . . .,

> "Creating offices, or prescribing the
> powers and duties of officers, in counties
> . . ."

H. B. 683, Acts of the 50th Legislature, is
applicable to the following judicial districts:  10th,
19th, 28th, 30th, 34th, 41st, 53rd, 54th, 56th, 58th,
60th, 74th, 78th, 89th, 92nd, 93rd, 94th, 98th, 103rd,
107th, 117th and 126th.  It affects the following coun-
ties:  Cameron, being within the 103rd and 107th judi-
cial districts; El Paso, being within the 34th, 41st
and 65th judicial districts; Galveston, being within
the 10th and 56th judicial districts; Hidalgo, being
within the 92nd and 93rd judicial districts; Jefferson,
being within the 58th and 60th judicial districts; Mc-
Lennan, being within the 19th, 54th and 74th judicial
districts; Nueces, being within the 28th, 94th and 117th
judicial districts; Travis, being within the 53rd, 98th
and 126th judicial districts; Wichita, being within the
30th, 78th and 89th judicial districts.  See Article
199, V.C.S.

It is apparent that H. B. 683, Acts of the 50th
Legislature, falls within the classification of a local
or special law and would be invalid if it is governed by
the quoted provisions of Article III, Section 56, of the
Constitution.  See Fort Worth v. Bobbitt, 121 Tex. 14,
36 S.W. (2d) 470, 41 S.W. (2d) 228; Bexar County v. Tynan,
128 Tex. 223, 97 S.W. (2d) 467; Miller v. El Paso County,
136 Tex. 370, 150 S.W. (2d) 1000; Anderson v. Wood, 137
Tex. 201, 152 S.W. (2d) 1084.

However, it is our opinion that H. B. 683 is not
governed by Article III, Section 56, Texas Constitution,
but by Article V, Section 1, which reads as follows:

> "The judicial power of this State shall be
> vested in one Supreme Court, in Courts of Civil
> Appeals, in a Court of Criminal Appeals, in Dis-
> trict Courts, in County Courts, in Commissioners
> Courts, in Courts of Justices of the Peace, and
> in such other courts as may be provided by law.
>
> "The Criminal District Court of Galveston
> and Harris Counties shall continue with the dis-
> trict jurisdiction and organization now existing
> by law until otherwise provided by law.
>
> "The Legislature may establish such other
> courts as it may deem necessary and prescribe
> the jurisdiction and organization thereof, and

may conform the jurisdiction of the District
and other inferior courts thereto."

Harris County v. Crooker, 224 S.W. 792, affirmed
112 Tex. 450, 248 S.W. 652, upheld a statute, special in
character, which fixed the salary of the district attorney
of the criminal district court of Harris County. We quote
from said case the following:

"The major insistence of plaintiff in
error is that the act of 1911, in so far as
it fixed the compensation of the district at-
torney at a different amount than that allowed
by general laws to district attorneys of other
counties of the same class as Harris County,
is a special and local law, regulating to that
extent the affairs of Harris County, and there-
fore void, because violative of section 56,
art. 3, of the Constitution of the state. . . .

"It is unnecessary to inquire as to wheth-
er or not the act creating the criminal district
court of Harris County is a local or special
law. The creation of this court rests upon the
express and direct constitutional provision
heretofore quoted; that is, that portion of sec-
tion 1 of article 5 which declares that the
criminal district court of Galveston and Harris
counties shall continue with the district, juris-
diction, and organization existing by law, until
otherwise provided by law.

"The criminal district court of Galveston
and Harris counties then existed with a defined
district and the jurisdiction set forth by stat-
ute, and the organization consisted of the dis-
trict judge, the district attorney, and the dis-
trict clerk. This constitutional provision ex-
pressly continued the existence of that court
and that organization, until it was changed by
law, and by language, which admits of no other
interpretation, authorized the Legislature to
change the district, the jurisdiction, and the
organization."

We quote the following from Garvey v. Matthews,
79 S.W. (2d) 335, error refused:

"The act creating the court having been ex-
pressly authorized by the constitutional pro-
visions last referred to, it is unnecessary to

consider whether that act was local or special in character within the contemplation of article 3, §§ 56 and 57, of the Constitution. Harris County v. Crooker, 112 Tex. 450, 248, S.W. 652.

"The power of the Legislature to fix the salary of the judge of this county court at law is an incident to the power to create the court, and rests upon the same constitutional authority. There was ample power to fix the salary in the first instance, as was done by section 11 of the Act of 1927. By the same token, there is the power to amend that section, as was done by section 1 of the Act of 1933 (Vernon's Ann. Civ. St. art. 1970-301, § 11). Harris County v. Crooker, supra."

Jones v. Anderson, (Civ. App.) 189 S.W. (2d) 65, error refused, upheld the special law abolishing the office of county attorney of Bexar County for like reason.

The 49th Legislature enacted H. B. 555 which provided for annual salaries, payable monthly, of official court reporters of each district court, civil or criminal, and of each county court at law, civil or criminal, at not less than $2400 nor more than $3750 to be fixed and apportioned among the affected counties by the respective judges of those courts, but exempted from the provisions of the Act Bexar and Tarrant counties. The Court of Civil Appeals in the case of Tom Green County v. Proffitt, 195 S.W. (2d) 845, had before it the question of whether the provisions of H. B. 555, 49th Leg., violated Article III, Section 56, of the Texas Constitution. We quote from said case the following:

"It may be conceded that under the holdings in these cases H. B. 555 falls within the classification of a local or special law, and would be invalid if it is governed by the quoted provisions of Const. Art. III, Sec. 56 . . .

"Whether H. B. 555 is properly classified as a local or special law is not important, since it is not governed by Const. Art. III, Sec. 56, but by Art. V, Sec. 1, . . .

"This provision has been construed as authorizing local or special laws affecting the functioning of the different courts throughout the state: . . .

"In so far as H. B. 555 relates to district court reporters it deals with state employees. In so far as it relates to reporters of county courts at law it provides as an incident for the functioning of courts which the Legislature creates under express authority of Art. V, Sec. 1. . . .

"We hold H. B. 555 valid as against the urged ground of invalidity, . . ."

In view of the foregoing, it is our opinion that H. B. 683 is not governed by Article III, Section 56 of our State Constitution.

Section 3 of H. B. 683 provides that the salary of the investigators or assistants and stenographer covered by the Act shall be paid out of the General Fund of the county or, "at the discretion of the Commissioners Court, out of the Jury Fund of said county."

Article VIII, Section 9, of our State Constitution, authorizes the levy of a tax "not exceeding fifteen (15) cents to pay jurors." In construing Article VIII, Section 9, the courts have uniformly held that the provisions of this Section of the Constitution "were designed, not merely to limit the tax rate for certain therein designated purposes, but to require that any and all money raised by taxation for any such purpose shall be applied, faithfully, to that particular purpose, as needed therefor, and not to any other purpose or use whatsoever." Carroll v. Williams, 202 S.W. 504, 506. See also Ault v. Hill County, 102 Tex. 335, 116 S.W. 359.

The Jury Fund of the county is a constitutional fund composed of tax money levied for the sole purpose of paying jurors. The Legislature is therefore prohibited by Article VIII, Section 9, from authorizing such tax levy to be used for any other purpose than "to pay jurors." Therefore, it is our opinion that the portion of Section 3 of H. B. 683, Acts of the 50th Legislature, authorizing the Commissioners' Court to pay the salaries of the investigators or assistants and stenographer out of the Jury Fund is unconstitutional and void.

The Act contains no "separability" or "saving" clause. However in the case of Christopher v. City of El Paso, (Civ. App.) 98 S.W. (2d) 394, it was held that the unconstitutional provision of Article 1269h, V.C.S., dealing with municipal airports, which exempted cities from liability for injuries to persons caused by negligence of their operating agents, did not render the entire Act void. We quote the following from said case:

"We do not concur in the contention that the invalidity of the exemption provision, in the absence of a saving clause, renders the entire act unconstitutional. While it is true that the provision is incidental to the main purpose of the act, yet it is capable of being separated from the act without materially affecting that main purpose."

Since the unconstitutional provision in H. B. 683 is capable of being separated from the Act without materially affecting the main purpose, it is our opinion that the remainder of H. B. 683 is constitutional and valid.

## SUMMARY

H. B. 683 (Acts 50th Leg., 1947) providing for compensation of assistant district attorneys and stenographers to the district attorneys in certain counties, is constitutional. Art. V, Sec. 1, Constitution of Texas. The Act is not governed by Art. III, Sec. 56, prohibiting the enactment of special or local laws. Although the provision of H. B. 683 authorizing the Commissioners' Court to pay the salaries out of the Jury Fund violates Article VIII, Section 9, of the Texas Constitution, the remainder of the Act providing for payment out of the General Fund is valid.

Very truly yours

ATTORNEY GENERAL OF TEXAS

JR:djm

APPROVED:

By *John Reeves*
John Reeves
Assistant

*Price Daniel*
ATTORNEY GENERAL