

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 16, 1959

Hon. William J. Gillespie
County Attorney
Lubbock County
Lubbock, Texas

Opinion No. WW-641

Re: Use of funds derived
from the levy of an
additional ad valorem
tax for the maintenance
of county roads, as
authorized by Art. VIII,
Sec. 9 of the Constitu-
tion of Texas.

Dear Mr. Gillespie:

Your recent request for an opinion from this office
reads in part as follows:

"The Lubbock County Commissioner's Court desires
to raise funds for the purpose of re-locating,
laying out, widening and repairing County roads.
To do so, it will be necessary for the County to
impose a tax burden which is not authorized at
this time. In furtherance of this desire to raise
additional funds for general road purposes, such
as purchasing new right-of-way for relocating of
some existing roads, purchase of additional right-
of-way for widening of existing roads and generally
improving the County road system, the Court has
decided to call for an election under the provi-
sions of Article 6790, Revised Texas Statutes, and
if approved by the election, impose a tax under the
provisions of Section 9, Article 8 of the Texas
Constitution. This provision reading as follows,
'and the Legislature may also authorize an addi-
tional annual ad Valorem tax to be levied and col-
lected for the further maintenance of the public
roads; provided, that a majority of the qualified
property tax paying voters of the County voting at
an election to be held for that purpose shall vote
such tax, not to exceed fifteen cents (15¢) on the
One Hundred Dollars ($100.00) valuation of the
property subject to taxation in such County.'

"The Court desires your opinion on the question;
if properly authorized by election held under the
above provisions, could taxes imposed for the

approved purpose of 'for the further maintenance of public roads;' be expended for the desired purposes as set out above, or, would such tax funds have to be expended for the maintenance of existing roads?"

For clarity we quote more fully from Article VIII, Section 9 of the Constitution:

". . .and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property tax paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen (15) cents on the one hundred dollars valuation of the property subject to taxation in such county.  And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws.  This section shall not be construed as a limitation of powers delegated to counties, cities or towns by any other section or sections of this Constitution. . . ."

The Legislature has authorized the levy and collection of the additional tax thus provided for, and made provision for the required election.  See Articles 7048 and 6790, V.C.S.

In an 1897 case, Smith v. Grayson County, 44 S.W. 921 (Tex.Civ.App., error ref.), the Court of Civil Appeals has before it the question of the constitutionality of a local road law passed by the Legislature.  It was there contended that the word "maintenance," as used in that part of the above section authorizing the Legislature to "pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws," meant that such laws could only be passed for maintenance of roads already constructed, and would not authorize the passage of a statute creating a road system.  In rejecting this contention the Court said (p. 923):

". . .We do not think the word 'maintenance' as used in this section of the constitution was intended to be used in this restricted sense.  By the use of the words 'maintenance of public roads and highways,' the framers of the constitution had reference to maintaining a system of public roads and highways, which would include all the necessary powers to provide and keep up a system of highways. . . ."

The Supreme Court of Texas referred to this result in the Smith case, supra, in Dallas County v. Plowman, 99 Tex. 509, 91 S.W. 221.  In that case also the question was the constitutionality of a local road law passed by the Legislature.  After quoting that part of Article VIII, Sec. 9 of the Constitution, set out above the Court proceeded as follows:

". . .The validity of the local law for Dallas County depends upon the meaning of the phrase 'maintenance of public roads,' as used in the paragraph of the Constitution last quoted.  The literal meaning of the word 'maintenance' would not include the laying out or construction of a road, but would relate to the repair and improvement of roads already laid out and constructed.  In article 3, § 56, subd. 5, of the Constitution, the different stages in the preparation and construction of a road are enumerated, and by the use of the words 'opening, laying out, altering' the word 'maintaining' is restricted to its literal meaning; it could not have been intended to embrace in it that which was otherwise expressed.  But the paragraph of section 9, art. 8, above copied, was not a part of the original section; it was added by amendment in the year 1890, for the evident purpose of conferring upon counties the power to lay out, construct, and maintain better systems of public highways than they were able to do under the restricted taxation before provided for,. . . .The meaning of the word 'maintenance,' in the clause of the Constitution whereby authority is given to pass local road laws for a particular county, and the same word as used in the preceding part of that paragraph, must be the same, because they concern the same subject matter and express the same purpose.  If we give to the word 'maintenance' its literal meaning in this part of the paragraph, 'The Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of public roads,' then the money derived from the tax so levied would constitute a special fund for the repair of public roads, and in keeping them in order after they were constructed, and could not be used for the purpose of laying out and constructing such highways. It would be a narrower interpretation to hold that the people adopting this amendment to the Constitution had in view to provide a fund to be used only in repairing roads already laid out, instead of the evident and broader policy to create a better and more extensive system of public highways.  It could not

have been the intention thus to restrict the use of the fund and to create such confusion and embarassment in the handling and disbursement of the funds of the county as would arise from such construction. The purpose of the Legislature in making the amendment was to increase the capacity of the county to maintain a system of public roads, and the word 'maintenance' must be held to include all of the things necessary to be done to accomplish that purpose. . ."

The rule so stated has been consistently followed. See, e.g., Henderson County v. Allred, 120 Tex. 483, 40 S.W. 2d 17 (1931); Tinner v. Crow, 124 Tex. 368, 78 S.W.2d 588 (1935); Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d 4 (1937).

While the Plowman case, supra, cannot be said to decide the precise question involved here, since it was concerned with the interpretation of the word "maintenance" in the last clause of Constitution, Article 8, Sec. 9, still we believe the language of Chief Justice Brown in that opinion makes it clear that this same construction should be given the same word as used in the preceding clause; i.e., authorizing an additional tax assessment for "maintenance of the public roads."

You are accordingly advised that funds raised through this constitutional authorization, assuming due compliance with the legislative provisions governing such levy, may be used for the purpose of improving the county road system in general, including purchase of additional right-of-way, and the re-location and widening of existing roads.

## SUMMARY

The funds collected under the authorization contained in Article VIII, Section 9, Constitution of Texas, providing for the levy of an additional ad valorem tax "for the further maintenance of the public roads" may be used for the general improvement of the county road system. It is not required that such funds be used only for the repair and upkeep of existing roads.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: James R. Irion
Assistant

JRI:bct

APPROVED:

OPINION COMMITTEE:
George P. Blackburn, Chairman

Howard Mays
John B. Webster
James H. Rogers

REVIEWED FOR THE ATTORNEY GENERAL:

By:  W. V. Geppert