

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 7, 1997

The Honorable Rodney Ellis
Chair, Jurisprudence Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-454

Re: Authority of the Houston City Council with regard to the Houston-Harris County Sports Authority (RQ-986)

Dear Senator Ellis:

You have requested our opinion regarding the newly-created Houston-Harris County Sports Authority (the "authority"), which was established concurrently by the City of Houston and Harris County effective September 1, 1997. The authority was created under the provisions of chapter 335, Local Government Code. *See* H.B. 92, Act of May 22, 1997, 75th Leg., R.S., ch. 551, 1997 Tex. Sess. Law Serv. 1929, 1945-50. Chapter 335 provides, in pertinent part:

> Sec. 335.021. CREATION. A county and a municipality . . . may create a venue district under this chapter to plan, acquire, establish, develop, construct, or renovate one or more venue projects in the district subject to voter approval under Subchapter D.

> Sec. 335.022. ORDER CREATING DISTRICT. A county and a municipality . . . may create a district under this chapter by adopting concurrent orders. A concurrent order must:

> (1) contain identical provisions;

> (2) define the boundaries of the district to be coextensive with the combined boundaries of each creating political subdivision; and

> (3) designate the number of directors, the manner of appointment, and the manner in which the chair will be appointed in accordance with Section 335.031.

> Sec. 335.031. COMPOSITION AND APPOINTMENT OF BOARD.

> (a) A district is governed by a board of at least four directors.

(b) The board is appointed by the mayors or county judges, or both as appropriate, of the political subdivisions that create the district in accordance with the concurrent order.

(c) Directors serve staggered two-year terms. A director may be removed by the appointing mayor or county judge at any time without cause. Successor directors are appointed in the same manner as the original appointees.

. . . .

Sec. 335.034. OFFICERS. The presiding officer is designated as provided by the concurrent order. The board shall designate from the members of the board a secretary and other officers the board considers necessary.

. . . .

Sec. 335.071. GENERAL POWERS OF DISTRICT. (a) A district may:

(1) perform any act necessary to the full exercise of the district's powers;

. . . .

(3) acquire, sell, lease, convey, or otherwise dispose of property or an interest in property, including a right-of-way or easement or an approved venue project, under terms and conditions determined by the district;

. . . .

(5) adopt rules to govern the operation of the district and its employees and property.

. . . .

(b) A district may contract with a public or private person, including one or more political subdivisions that created the district or a sports team, club, organization, or other entity, to:

(1) plan, acquire, develop, construct, or renovate an approved venue project; or

(2) perform any other act the district is authorized to perform under this chapter, other than conducting an election under this chapter.

. . . .

### Sec. 335.073.  BONDS AND OTHER OBLIGATIONS.

(a) A district in which an approved venue project is located may issue bonds, including revenue bonds and refunding bonds, or other obligations to pay the costs of the approved venue project.  For a district created by a county with a population of more than 2.2 million and a municipality with a population of more than 1.2 million, the power of the district to issue bonds or other obligations is subject to the prior approval by the governing bodies of the county and municipality.

You ask a series of questions about the responsibility of the Houston City Council with regard to the authority:

1. Whether the city council has the formal power of appointment or right of confirmation of the directors.

2. Whether the city council has authority to approve change orders for Authority contracts.

3. Whether the city council may place restrictions on lease agreements negotiated by the Authority.

4. Whether the city council has general oversight responsibilities in addition to power to approve issuance of bonds and other obligations by the Authority.

We will first address your second, third, and fourth questions.

The answer to each of these questions is "no." The city council has very limited powers with regard to the authority. The council, together with the county commissioners court, is specifically authorized to "create" the authority by concurrent order.  After the authority is created, the power to contract, Local Gov't Code section 335.071(b), and the power to enter into lease agreements, *id.* § 335.071(a), is vested in the authority itself.  The council is, however, given the right of "prior approval" of bonds or other obligations.  *Id.* § 335.073(a).  Since the legislature reserved this authority to the council, it seems apparent that it meant to exclude others not specifically granted. *See Harris County v. Crooker*, 248 S.W. 652 (Tex. 1923).  Thus, after the authority has been created, the city council has no "general oversight responsibilities" beyond its power to approve bonds or other obligations.

The answer to your first question depends on the terms of the concurrent order creating the authority.  Although the mayor clearly holds the "formal power of appointment" of the city's designated members, Local Gov't Code section 335.031(b), he must exercise that power "in

accordance with the concurrent order." The concurrent order may "designate . . . the manner of appointment." *Id.* § 335.022. In our opinion, the council's power to determine the "manner of appointment" means that it might have reserved to itself a right of confirmation of those directors appointed by the mayor. You advise, however, that "on the advice of the city attorney," the concurrent order did not contain a right of confirmation for the council. In the absence of such language, chapter 335 clearly places the sole power of appointment in the mayor and county judge.

## S U M M A R Y

The Houston City Council does not have either the formal power of appointment or the right of confirmation of directors of the Houston-Harris County Sports Authority (the "authority"). The city council is not empowered to approve change orders for authority contracts or to place restrictions on lease agreements negotiated by the authority, nor does it have general oversight responsibilities over the authority beyond the right to approve the issuance of bonds and other obligations.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General