COUNTY OF HARRIS v. JOHN H. CROOKER ET AL.

No. 3578.  Decided February 21, 1923.

(248 S. W., 652.)

**1.—Constitutional Law—Local or Special Law—Affairs of Counties.**

The statute (Act of March 13, 1911, Laws, 32d Leg., ch. 67, p. 111) creating the Criminal District Court of Harris County as a continuation of the Criminal District Court of Galveston and Harris Counties created by the Act of 1870 under authority of article 5, section 1, of the Constitution, was expressly authorized by the amendment of such article and section of the Constitution in 1891, continuing such court, with the district, organization and jurisdiction existing, "until otherwise provided by law," thereby empowering the Legislature to change the jurisdiction and organization of same.  Such legislative change of the organization of this court being thus expressly authorized, the Act of 1911, whether considered a general or a special law, was not rendered unconstitutional by the general provision of article 3, section 56, of the Constitution, forbidding the passage of any local or special law regulating the affairs of counties.  (pp. 454, 456, 458).

**2.—Same—Change in Organization—Fees of District Attorney.**

The authority given the Legislature by the amendment of article 5, section 1 of the Constitution in 1891, to change the organization of the Criminal District Court was sufficient authority for its fixing the scale of fees of its District Attorney.  The requirement in the Act of March 13, 1911, that he pay into the county treasury three-fourths of the fees in excess of $2500 collected by him in the Criminal District Court, is, under application of the maxim *expressio unius*, an exclusion of other limtation of the fees which he may retain; so, for fees earned by his services outside that court, which by the Act he is authorized to collect, he is not required, either by that Act or by the General Fee Bill, to account to the county, but is entitled to retain them.  (pp. 454-457).

**3.—Same—Statutory Construction—Recognized Official Practice.**

The construction and effect here given the Act of March 13, 1911, is rendered persuasive by the approval and acquiescence of state officers for years.  Great Southern Life Ins. Co. v. City of Austin, 112 Texas, 1, 243 S. W., 778, followed.  (pp. 457-459).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Harris County.

The County of Harris sued Crooker and the sureties on his official bond as District Attorney for the Criminal District Court of Harris County to recover fees of office collected by him for which it was claimed he should have accounted to the County.  Judgment was for defendant, and was affirmed on appeal by plaintiff, which thereupon obtained writ of error.

*Louis, Campbell & Nicholson*, for plaintiff in error.

The court erred in holding that the Act of the Legislature of 1911 (General Laws, page 111), creating the Criminal District Court of

Harris County (or continuing the former Criminal District as to Harris County) in so far as it undertook to fix the fees of office from all sources which may be retained by the district attorney of said court at a different and greater amount than that allowed by general law to be retained by district attorneys of other counties of the same class as Harris County, under the terms of the general fee bill, was not a regulation of the affairs of Harris County in that respect, and therefore not violative of Section 56, Article 3, of the Constitution of the State. That it is a local and special law, see: Clark v. Finley, 93 Texas, 178-81, 54 S. W., 345; Smith v. Grayson Co., 18 Texas Civ. App., 153, 44 S. W., 922; Holley v. State, 14 Texas App., 514; Hall v. Bell Co., 138 S. W., 178; affirmed 105 Texas, 558; Ward v. Harris Co., 209 S. W., 794; Lytle v. Halff, 75 Texas, 137; Railway v. Martin, 86 S. W., 26; Railway v. Hall, 85 S. W., (Sup.), 788; Brown v. State, 112 S. W., 86; Smith v. State, 113 S. W., 290; Com. v. Patton, 88 Pa. St., 258; State v. Hill, 147 Mo., 63, 47 S. W., 798; Com'rs Court of Limestone County v. Garrett, 236 S. W., 970; Vincent v. State, 235 S. W., 1084; Meyenbergen v. Ehlinger, 224 S. W., 315; De Silva v. State, 229 S. W., 542; Milhollon v. Stanton Ind. Sch. Dist., 231 S. W., 332; State ex rel. K. v. Messerly, 95 S. W., 913; Barker v. Southern, 177 S. W., 643; State v. Logan, 186 S. W., 979. Ashbrook v. Schaub, 160 Mo., 107, 60 S. W. (Mo.), 1086; State v. Kring, 74 Mo., 612; Henderson v. Koenig, 168 Mo., 356, 68 S. W., 755; Philadelphia Co. v. Sheehan, 107 Atl. (Pa.), 14; Laplacca v. Phila. Rapid Transit Co., 108 Atl. (Pa.), 612; Territory v. Gutierrez, 78 Pac. (N. M.), 139. That it, in such respect, regulates the affairs of Harris County, see: Hall v. Bell Co., 105 Texas, 558; Altgelt v. Gutzeit, 109 Texas, 123; Ward v. Harris Co., 209 S. W., 794; State v. Hill, 147 Mo., 63; Ashbrook v. Schaub, 160 Mo., 107; State v. Etchman, 189 Mo., 648, 88 S. W., 647; Com. v. Patton, 88 Pa. St., 258; Gutierrez case, 78 Pac., 139; State v. Boice, 140 Ind., 506, 39 N. E., 64; Bank v. Cheny, 94 Ill., 431; Philadelphia County v. Sheehan, *supra*. That the question is unaffected by the right of the legislature to create or continue courts, and provide for their organization and officers, see: Altgelt v. Gutzeit, 109 Texas, 123; Ward v. Harris County, 209 S. W., 794; State v. Hill, 147 Mo., 63; Ashbrook v. Schaub, 160 Mo., 107; State v. Etchman, 189 Mo., 648.

Even if it be held that the portion of the Act referred to is not unconstitutional, still the same does not by its terms provide that the District Attorney shall retain any of the fees earned outside of said Criminal District Court, and he was therefore bound to pay such fees into the county treasury, under the terms of the general fee bill, and the plaintiff was entitled to collect the same. *Expressio unius exclusio alterius est.* Mercein v. Burton, 17 Texas, 210; Seibert v. Richardson, 86 Texas, 298; Ellis Co. v. Thompson, 95 Texas,

22, 66 S. W., 49; Ætna Life Ins. Co. v. Otis Elevator Co., 204 S. W., 378; Red River National Bk. v. Ferguson, 109 Texas, 287.

An officer seeking to retain fees of office collected by him must point out the express provision of the law authorizing him to retain such fees. State v. Moore, 57 Texas, 320; Hallman v. Campbell, 57 Texas, 54; Ellis Co. v. Thompson, 95 Texas, 22, 66 S. W., 49; McLennan Co. v. Boggess, 137 S. W., 348; Torbert v. Hale Co., 131 Ala., 143, 30 So., 453; Troup v. Morgan Co., 109 Ala., 162, 19 So., 504; Anderson v. Board of Commissioners, 143 Pac., (Okla.), 1146.

*Campbell, Greenwood & Barton, John C. Williams,* and *John H. Crooker,* for appellees.

No law can be either local or special, within the meaning of the constitutional inhibition, which results directly or indirectly from a specific constitutional requirement.

Legislation which is necessary or appropriate to carry into effect a positive command of the organic law, or is required or directly contemplated by its terms, cannot be justly held to be either special or local within the true meaning of the constitutional inhibition.

The legislature had the right to enact a law particularly applying to the office of Criminal District Attorney of Harris County, without regard to the law governing offices of other district attorneys of Texas.

The legislature, by the Act of 1911, undertook to, and did, enact a complete system of laws for the control and regulation of the Criminal District Court of Harris County, and for its organization, including the Criminal District Attorney's office and the Criminal District Clerk's office, without reference to the general law of the State governing and controlling district courts, district attorneys and district clerks—except where direct reference was made thereto. State v. Shields, 4 Mo. App., 259; Kenefick v. City of St. Louis, 127 Mo., 1, 29 S. W., 838; State v. Higgins, 125 Mo., 364, 28 S. W., 638; Kansas City v. Stegmiller, 151 Mo., 189, 52 S. W., 723; State v. Mason, 153 Mo., 23, 54 S. W., 524; State v. Mason, 155 Mo., 486, 55 S. W., 636; Binney, Local and Special Legislation, 49.

If the legislature is given authority to legislate upon a subject by a provision of the Constitution other than Section 56, Article III, such authority carries with it the right to enact all provisions which could legitimately be embraced in the bill if Section 56 were not a part of the Constitution. Smith v. Grayson County, 18 Texas Civ. App., 153; City of Dallas v. Western Elec. Co., 83 Texas, 243; Tex. Sav. Real Est. Ass'n. v. Heirs of Pierre, 31 S. W., 426; 10 Texas Civ. App., 453; State v. Hanscom, 37 S. W., 453; R'y. v. Galveston, 96 Texas, 520; Withers v. Crenshaw, 155 S. W., 1189; Cravens v. State, 57 Texas Crim., 135, 122 S. W., 29, 136 Am. St. Rep., 977; City of Oak Cliff v. State, 77 S. W., 24; Altgelt v. Gutzeit, 187 S. W., 222.

The contemporaneous and particular construction of a statute by those whose duty it is to carry it into effect, though not absolutely controlling, is entitled to great weight by the court. In re Valhoff, 238 Fed., 405, Auditor of Public Accounts v. Cain, 61 S. W., 1016; State v. Houston Oil Company, 194 S. W., 422; Yoakum County v. Slaughter, 195 S. W., 1129; City of Tyler v. Coker, 124 S. W., 729; 36 Cyc., p. 1140; Cyclopedia of Law & Procedure, p. 737.

Mr. Chief Justice CURETON delivered the opinion of the court.

In 1866 the Legislature passed, and the Governor approved, "An Act to organize and define the powers of a Court of Criminal Jurisdiction for the Counties of Galveston and Harris, and to prescribe the duties thereof." This was a comprehensive measure, containing every essential element necessary to the erection, organization and operation of a court of the character named. The district was defined, jurisdiction prescribed, and an organization consisting of a District Judge, District Attorney, and District Clerk was provided for, and the compensation and salaries of these officers fixed. 5 Gammel's Laws, p. 951. This Act remained the law until the Act of 1870, creating a Criminal District Court for Galveston and Harris Counties, became effective. This last named measure was complete within itself, either by express provisions or by reference to existing laws. It defined the District, set forth in detail the jurisdiction of the Court, and provided for an organization consisting of a District Judge and a District Clerk for each County, to be appointed by the Governor, and a District Attorney to be elected. The duties of each officer were set forth, and the compensation of each fixed. The Clerk's compensation was the same as that of other district clerks, and in addition he was to be paid one thousand dollars by the county. That of the District Attorney was the same as that for district attorneys generally. 6 Gammel's Laws, p. 211. This Act was carried into the Revised Statutes of 1879, 1895, and 1911, without material change, in so far as this inquiry is concerned.

It is quite apparent that the Legislature in passing the Acts of 1866 and 1870 regarded the offices of District Judge, District Clerk, and District Attorney as essential units in the organization of the court, and that it was proper or necessary to determine and fix the slaries or compensation appertaining to these offices.

There were materal differences in the Act of 1870 as carried into the Revised Statutes of 1879,. and the provisions of law creating District Courts generally, and it differed in essential particulars from the Constitution of 1876, upon which the general laws were based. A reading of the statutes and the Constitution will disclose these differences. Revised Statutes 1879, Articles 1086, 1482, 1100a, 1488, 2389, 2392; Harris' Constitution, pp. 384, 408.

The incorporation of the law in the Revised Statutes was in legal effect a readoption. American Indemnity Co. v. City of Austin, opinion by this Court, not yet reported, (112 Texas, 239, 246 S. W., 1019).

The Act was in conflict with certain provisions of the Constitution relating to District Courts generally, and could not have been placed in the Revised Statutes but for a special constitutional provision relating to it. This power was given the Legislature by Section 1 of Article 5 of the Constitution as adopted in 1876, and as amended in 1891. This Section of the Constitution as originally adopted authorized the Legislature to establish criminal district courts. That particular provision was omitted or changed in the amendment of 1891. However, the Section contained a clause which was not changed, and which then read, and still reads, as follows: "The Criminal District Court of Galveston and Harris Counties shall continue with the district, jurisdiction, and *organization* now existing by law, until otherwise provided by law." Harris Constitution, pp. 355, 356. This was a distinct recognition of the Act of 1870, and therefore made that Act valid under the Constitution, and authorized the Legislature to change the then existing law. Whether such a law be regarded as general, or special and local, the change was distinctly authorized.

In view of the Acts of 1866 and 1870, each of which created the office of District Attorney as a part of the organization of the court, there is no doubt that the word *"organization"*, as used in the Constitution, embraced such an officer, and in express language authorized the Legislature to change the law, not only as to the district and jurisdiction of the court, but as to the office of District Attorney as well.

The law relating to this court continued without amendment until 1911. In 1911, by Chapter 67 of the Acts of the 32 Legislature, the Legislature changed the territorial limits of the Criminal District Court of Galveston and Harris Counties, and by an elaborate measure created the Criminal District Court of Harris County. This Act was declared to be a continuation of the Criminal District Court of Galveston and Harris Counties as then organized, but the jurisdiction of the court as it previously existed was confined to Harris County alone, the Galveston portion of the business being confided to the District Courts of Galveston County. This Act is a complete one, providing for the election of the District Judge, District Clerk, and District Attorney, and fixing the compensation of each. It fully describes the jurisdiction and duties of the court, and generally embraces all those things necessary for the erection, organization, and operation of courts of this character. Vernon's Revised Statutes, 1914, Title 39, Chapter 1, and Title 13, Chapter 1a.

Section 19 of the Act provided for the election by the voters of Harris County of a Criminal District Attorney, whose term of office was fixed at two years. It was made the duty of this officer to represent the State in all matters pending before the Criminal District Court. In defining his duties, among other things the Act declared:

"And he shall have exclusive control of all criminal cases wherever pending or in whatever court in Harris county that now has jurisdiction of criminal cases, as well as any or all courts that may be hereafter created and given jurisdiction of any criminal cases, and he shall collect the fees therefor provided by law. He shall also have control of any and all cases heard on habeas corpus before any civil district court of Harris county, as well as before the criminal court of said county. The criminal district attorney of Harris county shall have and exercise, in addition to the specific powers given and duties imposed upon him by this Act, all such power, duties and privileges within said criminal district of Harris county as are by law now conferred or which may hereafter be conferred upon district and county attorneys in the various counties and judicial districts of this State. It is further provided that he and his assistants shall have the exclusive right, and it shall be their sole duty to perform the duties provided for in this Act, except in cases of the absence from the county of the criminal district attorney and his assistants, or their inability or refusal to act; and no other person shall have the power to perform the duties provided in this Act, or to represent the State in any case in Harris county, except in case of the absence from Harris county, or the disability or refusal to act, of the criminal district attorney and his assistants."

Section 22 of the Act provided for the appointment of Assistant District Attorneys, and defined their duties, etc. The compensation of the District Clerk was fixed at that provided for District Clerks generally, and in addition an annual salary of one thousand dollars to be paid by the County. Section 20 set forth the scale of fees to be collected by the District Attorney, in some respects different from that of District Attorneys generally; but since this Section is quoted in the opinion of the Court of Civil Appeals, it is unnecessary to recopy it.

Section 21 reads as follows:

"Sec. 21. The criminal district attorney of Harris county shall retain out of the fees earned by him in the Criminal District Court of Harris County the sum of twenty-five hundred dollars per annum, and in addition thereto, one-fourth of the gross excess of all fees in excess of twenty-five hundred dollars per annum, the three-fourths of the excess over and above twenty-five hundred dollars per annum, remaining, to be paid by him into the treasury of Harris county. It is provided that in arriving at the amount collected by him, he shall include the fees arising from all classes of criminal cases of which

the Criminal District Court of Harris county has original and ex-
clusive jurisdiction, whether felony, misdemeanor, habeas corpus
hearings, or commission on fines and forfeitures · collected in said
court, it being the intention of this Act that the criminal district
attorney of Harris county shall include all fees of every kind and
class earned by him in said criminal district court in arriving at the
amount collected by him; it being further provided that at the end
of each year he shall make a full and complete report and accounting
to the county judge of Harris county of the amount of such fees
collected by him.''

It was under this Act that the defendant in error, John H. Crooker,
became criminal district attorney of Harris County, having been
elected in November, 1914, and holding the office until 1918, when
he resigned. This suit was instituted by Harris County in the Dis-
trict Court of the 80th Judicial District against him and the sureties
on his official bond, for the purpose of recovering fees collected and
retained by him while he was District Attorney for the years 1915,
1916, and 1917, in excess of the compensation provided by the gen-
eral Maximum Fee Bill of the State. See Vernon's Sayles' Revised
Statutes, Articles 3881 to 3903. His defense was that the amount
of his compensation was not controlled by the limitations of the Max-
imum Fee Bill, but by the provisions of the Act of 1911 creating the
Criminal District Court of Harris County. His contention was that
he was entitled to retain all fees of office, with the exception of three-
fourths of the excess fees collected in the Criminal District Court over
and above $2500. The reply of Harris County was that the pro-
visions relied upon were unconstitutional. The case was tried be-
fore the court, and judgment rendered for defendants in error, from
which plaintiff in error appealed to the Court of Civil Appeals,
where the judgment of the trial court was affirmed. 224 S. W., 792.
The case is before us on writ of error.

The major insistence of plaintiff in error is that the Act of 1911,
in so far as it fixed the compensation of the district attorney at a
different amount than that allowed by general laws to district at-
torneys of other counties of the same class as Harris County, is a
special and local law, regulating, to that extent, the affairs of Harris
County, and, therefore, void, because violative of Section 56, Article
3, of the Constitution of the State. This Section in part reads:

''The Legislature shall not, except as otherwise provided in this
constitution, pass any local or special law authorizing . . . regu-
lating the affairs of counties . . . .''

It is unnecessary to inquire as to whether or not the Act creating
the Criminal District Court of Harris County is a local or special law.
The creation of this court rests upon the express and direct constitu-
tional provision heretofore quoted,—that is, that portion of Section
1 of Article 5 which declares that the Criminal District Court of

Galveston and Harris Counties shall continue with the district, jurisdiction, and organization existing by law, until otherwise provided by law.

The Criminal District Court of Galveston and Harris Counties then existed with a defined district and the jurisdiction set forth by statute, and the organization consisted of the District Judge, the District Attorney, and the District Clerk. This constitutional provision expressly continued the existence of that court and that organization until it was changed by law, and by language which admits of no other interpretation, authorized the Legislature to change the district, the jurisdiction, and the organization.

In the Act under examination the boundaries of the district have been changed, the jurisdiction has been redeclared or modified, but the original organization has remained intact, except as to the manner of selecting the officers, and that as to the District Attorney the method and amount of compensation has been changed. The Act as it was originally passed in 1870, and as it came down through the several codifications of the statutes, fixed the compensation of the District Attorney at that received by District Attorneys generally; while the District Clerk's was fixed at a salary of one thousand dollars, in addition to the fees of office received by District Clerks generally. As to the District Clerk, no material change is made in the law before us in the amount or mode of payment. As to the District Attorney, there is nothing found in this specific provision of the Constitution, which is the sanction for the Act, limiting the authority of the Legislature in the manner of prescribing compensation for the District Attorney, an officer necessary to the competent organization of this court.

In our opinion, this constitutional provision is ample authority for fixing the scale of fees and compensation for the District Attorney contained in the Act. The Constitution having made special provision for the Criminal District Court of Galveston and Harris Counties, without any specific limitation, we have no authority to read into it a limitation not named, or which does not arise by necessary implication from other portions of the Constitution. If it should be said that the Act of 1911 is a special or local law, the answer is that its enactment was specially authorized by Section 1, Article 5, of the Constitution, and Section 56 of Article 3 has no application to it.

From the beginning the Legislature has exercised the authority of fixing the compensation of the clerk of this court in a different manner from that of other District Clerks, and we see no reason why it should not exercise the same power and authority with reference to the compensation of the District Attorney.

Aside from this, if the matter were of doubtful construction, the

executive and judicial construction of the Constitution with reference to this Act would be of persuasive, if not of controlling, force. Great Southern Life, Ins. Co. v. City of Austin, 112 Texas, 1, 243, S. W., 778, 782.

The record shows that various courts, and the several County and State officers whose duties required them to pass upon the reports of the District Attorney under this Act, have passed upon and approved them without question. It is shown that in at least one case involving the issue as to the right of the District Attorney to additional deputies the District Court hearing the cause held that the Act here involved controlled, rather than the general statutes relating to the subject. In view of the long judicial and executive sanction or approval of the validity of the Act, we would be compelled to resolve whatever doubt there might be as to its validity, in favor of the law.

We conclude that the Act, in so far as here involved, is valid and constitutional.

The next insistence made by plaintiff in error is that, even though that portion of the Act referred to is not unconstitutional, still the same does not by its terms provide that the District Attorney shall retain any of the fees earned outside of the Criminal District Court, and that he was, therefore, bound to pay such fees into the county treasury under the terms of the General Fee Bill. We can not agree with this contention. The language of the Act clearly authorized defendant in error to receive the compensation or fees which might arise from sources other than his activities before the Criminal District Court, without limitation as to amount.

Section 21 places a limitation upon the amount of compensation or excess fees which may be retained by the District Attorney, but confines that limitation to fees arising from the Criminal District Court, and we must assume that the Legislature placed all limitation on the subject of his compensation that it desired to be placed thereon.

The rule *expressio unius est exclusio alterius* is a sound one, frequently applied in the construction of statutes, and is applicable here. The inclusion of the specific limitation excludes all others. Mercein v. Burton, 17 Texas, 206, 210; Seibert v. Richardson, 86 Texas, 295, 298.

If there were any doubt as to the correctness of this construction, its approval by the officers of Harris County, and by the court from time to time, and the acquiescence of the State officers whose duties touch the subject, would be persuasive of the construction insisted upon by defendants in error. Great Southern Life Ins. Co. v. City of Austin, 112 Texas, 1, 243 S. W., 778, 782. However, we believe the construction placed upon the law by defendants in error is a correct one; and since it is admitted that defendant in error Crooker

has complied with the law and paid over to the county all fees due the county under the interpretation of the statute here given, it follows that this appeal is without merit.

The judgment of the Court of Civil Appeals and of the trial court is affirmed.

*Affirmed.*