GARVEY, County Auditor, v. MATTHEWS.
No. 9478.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 16, 1935.

Rehearing Denied Feb. 20, 1935.

Corrigan & Fraser, of San Antonio, for appellant.

Leonard Brown, of San Antonio, for appellee.

BICKETT, Chief Justice.

This suit was instituted by Honorable C. J. Matthews, who is the judge of "County Court at Law No. 2 of Bexar County, Texas," against Edgar G. Garvey, county auditor of Bexar county, Tex., to compel the defendant to issue to the plaintiff warrants for salary upon the basis of $5,000 per annum, as provided by the act of the Legislature creating the court (Acts 1927, 40th Leg. Regular Sess. Gen. & Sp. Laws, p. 26, ch. 22 [see Vernon's Ann. Civ. St. art. 1970—301]), instead of upon the basis of $4,000, as provided by a subsequent act (Acts 1933, Regular Session, Sp. Laws, p. 61, ch. 50 [Vernon's Ann. Civ. St. art. 1970—301, §§ 11, 12]). The auditor has appealed from a judgment in favor of the plaintiff.

The controlling question is whether the later act is constitutional.

The pertinent history of the legislative acts is brief. The act of 1927 created "County Court at Law No. 2 of Bexar County, Texas," defined the jurisdiction thereof, and, among other provisions, fixed the salary of the judge of the court at $5,000 per annum. The act of 1933, amending the section of the former act fixing the salary, provided that the salary should be $4,000 per annum.

The applicable provisions of the Constitution of Texas are:

Article 3, § 56 (in part). "And in all other cases where a general law can be made applicable, no local or special law shall be enacted."

Article 3, § 57. "No local or special law shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of such bill and in the manner to be provided by law. The evidence of such notice having been published, shall be exhibited in the Legislature, before such act shall be passed."

Article 5, § 1 (in part). "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior courts thereto."

Article 5, § 22. "The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

The Constitution having expressly authorized the Legislature, by article 5, §§ 1 and 22, to establish other courts and to increase, diminish, or change the jurisdiction of county courts, the Legislature had the power to create a county court at law with jurisdiction limited within the scope of the jurisdiction of the county court as defined by the Constitution. This particular county court at law was, therefore, created under the sanc-

tion of the Constitution. State v. Valentine (Tex. Civ. App.) 198 S. W. 1006; City of Dallas v. Johnson (Tex. Civ. App.) 54 S.W.(2d) 1024; Texas & N. O. R. Co. v. City of Beaumont (Tex. Civ. App.) 285 S. W. 944; Acree v. State (Tex. Civ. App.) 47 S.W.(2d) 907; Lytle v. Halff, 75 Tex. 128, 12 S. W. 610; Harris County v. Stewart, 91 Tex. 133, 41 S. W. 650.

The act creating the court having been expressly authorized by the constitutional provisions last referred to, it is unnecessary to consider whether that act was local or special in character within the contemplation of article 3, §§ 56 and 57, of the Constitution. Harris County v. Crooker, 112 Tex. 450, 248 S. W. 652.

The power of the Legislature to fix the salary of the judge of this county court at law is an incident to the power to create the court, and rests upon the same constitutional authority. There was ample power to fix the salary in the first instance, as was done by section 11 of the Act of 1927. By the same token, there is the power to amend that section, as was done by section 1 of the Act of 1933 (Vernon's Ann. Civ. St. art. 1970—301, § 11). Harris County v. Crooker, supra.

The amendatory act is no more subject to the objection of being a local or special law than was the original act. Both go to the same source of constitutional authorization, article 5, §§ 1 and 22. Therefore, it is unnecessary to consider whether the later act was a local or special law, as it was unnecessary to consider that question in connection with the original act. Harris County v. Crooker, supra.

Moreover, the legislative construction is in agreement with the views here expressed, for the Legislature has not undertaken by general law to fix the salaries of the judges of the sixteen county courts at law now existing in the state, but has by general law fixed the salaries of other officers, including the regular county judges. For example, see Acts of 1933, Regular Sess. Gen. Laws, p. 734, c. 220 (Vernon's Ann. Civ. St. arts. 3883, subds. 1–6, 3886, 3887, 3891, 3895, 3899, 3902, subds. 1–6).

The contention that, by reason of the provisions of article 6824, Revised Civil Statutes of Texas 1925 (Vernon's Ann. Civ. St. art. 6824), the salary cannot be reduced during the term of office is overruled. Arnold v. Cass County. (Tex. Civ. App.) 289 S. W. 749.

Bexar County v. Tynan (Tex. Civ. App.) 69 S.W.(2d) 193, recently decided by this court, is distinguishable from this case, in that the power of the Legislature to create the county court at law and, as an incident thereto, to regulate the salary of the judge of the court, exists by virtue of the provisions of article 5, §§ 1 and 22, of the Constitution. That decision rests primarily on the inhibition of article 3, § 56, of the Constitution, against the regulation of county affairs by local or special law. These provisions of article 3 and article 5 may be harmoniously construed and have effect given to each, respectively, as is done by the decisions in the Tynan Case and in this one.

The judgment of the district court is reversed, and judgment is here rendered that the writ of mandamus do not issue as prayed, and that all costs be taxed against appellee.