THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS

PRICE, DANIEL
ATTORNEY GENERAL

PLEASE RETURN

To

Central File Room

Attorney General's Dept.

Overruled by C.C.G., Austin No. 9745

Lamm v. Ferguson September 25, 1947

Hon. John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Opinion No. V-386

Re: Constitutionality of
H. B. 257, Acts of the
50th Leg., relative to
county juvenile boards
in certain counties.

Dear Sir:

You have requested this office to determine the constitutionality of H. B. 257, Acts of the 50th Legislature, p. 560, Vernon's Texas Session Law Service. H. B. 257 is an Act amending Article 5139, V.C.S., so as to create County Juvenile Boards in certain counties. The provisions which were added to Article 5139 by H. B. 257 are as follows:

"In any county having a population of less than seventy thousand (70,000) inhabitants according to the last preceding Federal Census, which county is included in, and forms a part of a Judicial District of seven (7) or more counties having a combined population of more than fifty-two thousand (52,000) inhabitants, or which county is included in and forms a part of a Judicial District of five (5) or more counties having a combined population of more than seventy-two thousand (72,000) and less than ninety-five thousand (95,000) inhabitants according to the last preceding Federal Census, or which county is included in and forms a part of a Judicial District of five (5) or more counties, in one (1) or more of which counties the civil and criminal jurisdiction vesting by General Law in the County Court has been or hereafter shall be transferred to the exclusive jurisdiction of the District Court of such county or counties, and having a combined population in such Judicial District of more than thirty-five thousand (35,-000) inhabitants, according to the last preceding Federal Census; or which county is included in and forms a part of a Judicial District composed of four (4) counties having a combined

population of not more than sixty-two thou-
sand (62,000) inhabitants according to such
last preceding Federal Census, one (1) or
more counties in which districts border on
the International Boundary between the
United States and the Republic of Mexico;
the Judge of such Judicial District, to-
gether with the County Judge of such county
are hereby constituted a Juvenile Board for
such county.  The members composing such
Juvenile Board in each such county shall
each be allowed additional compensation of
not less than One Hundred Dollars ($100)
per annum, and not more than Three Hundred
Dollars ($300) per annum, which shall be
paid in twelve (12) equal installments out
of either the general fund or the jury fund
of such county, such additional compensation
to be fixed by the Commissioners Court of
such county."

Article III, Section 56, provides in part:

"The Legislature shall not, except as
otherwise provided in this Constitution, pass
any local or special law, . . .

"Regulating the affairs of counties. . .,

"Creating offices, or prescribing the
powers and duties of officers, in counties. . ."

Article V, Section 1, provides:

"The judicial power of this State shall
be vested in one Supreme Court, in Courts of
Civil Appeals, in a Court of Criminal Appeals,
in District Courts, in County Courts, in Com-
missioners' Courts, in Courts of Justices of
the Peace, and in such other courts as may be
provided by law.

". . .

"The Legislature may establish such other
courts as it may deem necessary and prescribe
the jurisdiction and organization thereof, and
may conform the jurisdiction of the District
and other inferior courts thereto."

It may be contended that this Act is governed by Article V, Section 1 of the Texas Constitution, and therefore is not subject to the provisions of Article III, Section 56, (See Harris County v. Crooker, 224 S.W. 792, affirmed 112 Tex. 450, 248 S.W. 652; Garvey v. Matthews, 79 S.W. (2d) 335, error refused; Jones v. Anderson, 189 S.W. (2d) 65, error refused; and Tom Green County v. Proffit, 95 S.W. (2d) 845); however, the Supreme Court, citing numerous authorities of analogous situations, held in the case of Jones v. Alexander, 59 S.W. (2d) 1080, that the county juvenile boards do not have, nor do they exercise, any judicial power or function.

It was further held that the Legislature, when authorizing additional salaries to be paid to the members of juvenile boards for such services, may take into consideration the population and size of the county, its taxable values and general conditions existing therein, but in any event, the classification must be based upon a real distinction. See also Clark v. Finley, 93 Tex. 171, 54 S.W. 343. In view of the foregoing, it is apparent that H. B. 257 is subject to the provisions of Article III, Section 56.

Therefore, the question for decision is whether the classifications present a reasonable relation to the objects and purposes of the law and are founded upon rational differences in the necessities and conditions of the counties affected by the Bill.

In the case of County of Bexar v. Tynan, 97 S. W. (2d) 467, the Supreme Court of Texas announced the principle which controls the matter herein:

"Notwithstanding it is true that the Legislature may classify counties upon the basis of population for the purpose of fixing compensation of county and precinct officers, yet in doing so the classification must be based upon a real distinction, and must not be arbitrary or a device to give what is in substance a local or special law the form of a general law."

We quote the following from Oakley v. Kent, 181 S.W. (2d) 919:

"'Because population as a basis for
classification has been sustained by the
courts in respect to legislation on certain
subjects, it has been assumed, erroneously,
that population brackets will serve in all
instances to avoid the condemnation of the
Constitution.  This mistaken assumption pro-
ceeds from a failure to note that population
has been sustained as a basis for classifi-
cation only in those instances where it bore
a reasonable relation to the objects and pur-
poses of the law and was founded upon ration-
al difference in the necessities or condi-
tions of the groups subjected to different
laws.  Where it has been determined that, con-
sidering the objects and purposes of the law,
differences in population afford no rational
basis for discriminating between groups of the
same natural class, classification on the
basis of population has been termed arbitrary
selection, and the law has been held to be
special and local.  Randolph v. State, supra."
(Emphasis ours)

For additional authorities, see Miller, et al, v.
El Paso County (Sup. Ct.) 150 S.W. (2d) 1000; Ex Parte
Carson (Crim. App.) 159 S.W. (2d) 126; Jameson v. Smith,
161 S.W. (2d) 520; City of Ft. Worth v. Bobbitt, 121 Tex.
14, 36 S.W. (2d) 470, 41 S.W. (2d) 228; Supreme Lodge
Benevolent Ass'n. v. Johnson, 98 Tex. 1, 81 S.W. 18;
Smith v. State, 49 S.W. (2d) 739; Randolph v. State, 36
S.W. (2d) 484; Fritter v. West, 65 S.W. (2d) 414, writ
refused; State v. Hall, 76 S.W. (2d) 880; Wood v. Marfa
Ind. School Dist., 123 S.W. (2d) 429; Leonard v. Road
Maintenance Dist. No. 1, 187 Ark. 599, 61 S.W. (2d) 70.

In the case of Jones v. Alexander, supra, the
court was passing upon the constitutionality of Article
5139, V.C.S., which provides that in a county having a
population of 100,000 or over the judges of the several
district courts and criminal district courts of such county,
together with the county judge of such county, are con002ti-
tuted a juvenile board, and fixes the annual salary of each
of such district judges as members of said Board at $1500
in addition to that paid the other district judges of the
State.  There was no county of 100,000 population or over
omitted, and the court held that this was a reasonable
classification.  It is of common knowledge that in the
larger cities and counties of our State juvenile delinquen-
cy  is more prevalent than in the smaller towns and coun-
ties.  Therefore, there could be a reason for having such

a Board in all of the large counties of the State. However, the classifications contained in the provisions which were added to Article 5139 by H. B. 257 are not based on population or any other condition of the counties alone, but are based upon population of judicial districts and other conditions which lie outside the boundaries of the counties affected. The classifications do not bear a reasonable relation to the objects and purposes of the law and are not founded upon rational differences in the necessities or conditions of groups subjected to different laws.

It is our further opinion that even if the classifications should bear a reasonable relation to the objects or purposes of the law, they are arbitrary because there are numerous counties within this State with a much greater population than those included in the provisions which were added to Article 5139 by H. B. 257 and coming within the same category which have no such juvenile board. Being arbitrary classifications, the Bill is in substance a local and special law in violation of Article III, Section 56, of our State Constitution. It is our opinion that the new portion of Article 5139 which was added by H. B. 257 is unconstitutional and void.

### SUMMARY

H. B. 257, Regular Session, 50th Legislature, providing county juvenile boards in certain special counties within certain brackets, is a local and special law with arbitrary classifications and therefore unconstitutional. Art. III, Sec. 56, Texas Constitution.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

By *John Reeves*

John Reeves
Assistant

JR:djm