

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 1, 1951

Hon. Gene Maddin
District Attorney
Waco, Texas

Opinion No. V-1226

Re: Constitutionality of
Senate Bill 424, Acts
52nd Legislature, 1951,
creating the County
Court at Law of Mc-
Lennan County.

Dear Sir:

Your request for an opinion relates to the con-
stitutionality of Senate Bill 424, Acts 52nd Leg., 1951,
ch. 248, p. 386. The act in question creates a county
court at law for McLennan County, granting such court
jurisdiction in all matters, civil and criminal, original
and appellate, over which the county court would have ju-
risdiction, except the general jurisdiction of a probate
court, which is retained by the County Court of McLennan
County. The county court at law is granted concurrent
jurisdiction with the County Court of McLennan County in
the trial of insanity cases, restoration cases, approval
of applications for admission to State Hospitals and Spe-
cial Schools, application for beer license, and the power
to punish for contempt. Provisions are made for terms of
court, salaries, duties, and vacancies. The effective
date as set out in the bill is September 1, 1951.

Supplementing your original request you state
that you are especially desirous of our opinion relat-
ing to Section 14 of Senate Bill 424 as well as the power
of the Legislature to prescribe the qualifications of a
judge of the County Court at Law of McLennan County.

Section 1 of Article V, Constitution of Texas,
provides:

"The judicial power of this State shall
be vested in one Supreme Court, in Courts of
Civil Appeals, in a Court of Criminal Appeals,
in District Courts, in County Courts, in Com-
missioners Courts, in Courts of Justices of
the Peace, and in such other courts as may be
provided by law.

"   .   .   .

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior courts thereto."

Section 22 of Article V, Constitution of Texas, provides:

"The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of County Courts; and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."

In Garvey v. Matthews, 79 S.W.2d 335 (Tex.Civ. App. 1935, error ref.), the court, in upholding an act which created a County Court at Law No. 2 for Bexar County, stated:

"The Constitution having expressly authorized the Legislature by article 5, secs. 1 and 22, to establish other courts and to increase, diminish, or change the jurisdiction of county courts, the Legislature had the power to create a county court at law with jurisdiction limited within the scope of the jurisdiction of the county court as defined by the Constitution. This particular county court at law was, therefore, created under the sanction of the Constitution. State v. Valentine (Tex.Civ.App.) 198 S.W. 1006; City of Dallas v. Johnson (Tex. Civ.App.) 54 S.W.(2d) 1024; Texas & N.O.R. Co. v. City of Beaumont (Tex.Civ.App.) 285 S.W. 944; Acree v. State (Tex.Civ.App.) 47 S.W.(2d) 907; Lytle v. Halff, 75 Tex. 128, 12 S W. 610; Harris County v. Stewart, 91 Tex. 133, 41 S.W. 650.

"The act creating the court having been expressly authorized by the constitutional provisions last referred to, it is unnecessary to consider whether that act was local

or special in character within the contem-
plation of article 3, secs. 56 and 57, of the
Constitution. Harris County v. Crooker, 112
Tex. 450, 248 S.W. 652.

"   . . ."

Also see Allen v. State, 122 Tex. Crim. 186, 54 S.W.2d
810 (1932), and State ex rel. Rector v. McClelland, 148
Tex. 372, 224 S.W.2d 706, (1949).

Section 14 of the act in question provides for
the compensation of the County Judge of McLennan County.
In our opinion this section is unconstitutional. (Tex.
Const., Art. III, Sec. 56.) It should be noted that a
different rule obtains with respect to county courts
created by the Constitution and county courts at law
created by statute.

In Ward v. Harris County, 209 S.W. 792, 794
(Tex.Civ.App. 1919, error ref.), the court stated:

"Both of these laws are special acts of
the Legislature, and in so far as they at-
tempt to increase the salary of the county
judge of Harris county over that fixed by
the general law for county judges in the
other counties of the state in the same class
as Harris county, as classified by the gener-
al law, is, we think, clearly obnoxious to
article 3, section 56, of the Constitution of
this state, and to that extent must be held
invalid. The article of the Constitution
above cited prohibits the Legislature from
passing any local or special law 'regulating
the affairs of counties, cities, towns, wards
or school districts,' and from passing any
local or special law where a general law can
be made applicable. It seems clear to us
that the fixing of the compensation to be paid
a county judge by a particular county is a
regulation of the affairs of the county with-
in the purview of this article of the Consti-
tution." (Emphasis added.)

On the other hand, it is the well-established
law in this State that bills which prescribe the juris-
diction and organization of those courts which the Leg-
islature may establish under the provisions of Section 1

of Article V are not governed by the provisions of Section 56 of Article III of the Constitution of Texas. Garvey v. Matthews, supra; Harris County v. Crooker, 224 S.W. 792 (Tex.Civ.App. 1920), affirmed 112 Tex. 450, 248 S.W. 652 (1923); Jones v. Anderson, 189 S.W.2d 55 (Tex.Civ.App. 1945, error ref.).

If Section 14 of the act relating to the county judge may be severed from the remaining portion, it is our opinion that the act is valid and constitutional.

In 2 Sutherland, Statutory Construction (3rd Ed. 143) 178-179, Sec. 2404, it is said:

> "In determining separability, legislative intent governs, but intent that the act be enforced in so far as valid is not the sole consideration. If the legislature so intended, the valid parts of an act will be upheld 'unless all the provisions are connected in subject matter, dependent on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the legislature would have passed the one without the other.' To be capable of separate enforcement, the valid portion of an enactment must be independent of the invalid portion and must form a complete act within itself. The law enforced after separation must be reasonable in light of the act as originally drafted. The test is whether or not the legislature would have passed the statute had it been presented with the invalid features removed." (Emphasis added.)

The act contains no severability or saving clause. However, in Christopher v. City of El Paso, 98 S.W.2d 394, 398 (Tex.Civ.App. 1936, error dism.), the court said:

> "We do not concur in the contention that the invalidity of the exemption provision, in the absence of a saving clause, renders the entire act unconstitutional. While it is true that the provision is incidental to the main purpose of the act, yet it is capable of being separated from the act without materially affecting that main purpose."

Since the unconstitutional provision in Senate Bill 424 is capable of being separated without materially affecting the main purpose, it is our opinion that the remainder of Senate Bill 424 is constitutional and valid.

Although the Constitution prescribes the qualifications of the county judge of the regular county court (Art. V, Sec. 15), the county court at law is not the same type as the regular county court. The county court at law is created pursuant to that part of Section 1 of Article V of the Constitution of Texas which provides that "The Legislature may establish such other courts as it may deem necessary" and there are no qualifications provided for in the Constitution for the judges of county courts at law.

Therefore it is our opinion that the power of the Legislature to prescribe the qualifications of the judge of the county court at law is incidental to the power to create the same.

Inasmuch as Senate Bill 424 does not contain an emergency clause and did not receive the required two-thirds record vote, it does not become effective until September 7, 1951, ninety days after adjournment of the Legislature on June 8, 1951. Tex. Const., Art. III, Sec. 39; Caples v. Cole, 129 Tex. 370, 102 S.W.2d 173 (1937); Union Assurance Society v. Equitable Trust Co., 122 Tex. 293, 58 S.W.2d 58 (1933); Att'y Gen. Op. V-927 (1949).

## SUMMARY

Although Section 14 of Senate Bill 424, Acts 52nd Leg., 1951, ch. 248, p. 386, relating to the salary of the county judge is unconstitutional, the remainder of the act which creates a County Court at Law for Mc-Lennan County is constitutional. Garvey v. Matthews, 79 S.W.2d 335, (Tex.Civ.App. 1935, error ref.); Allen v. State, 122 Tex. Crim. 186, 54 S.W.2d 810 (1932); State ex rel. Rector v. McClelland, 148 Tex. 372, 224 S.W.2d 706 (1949).

The effective date of Senate Bill 424 is September 7, 1951, ninety days after adjournment of the Legislature on June 8, 1951,

since it failed to receive the required two-thirds record vote and does not contain an emergency clause. Tex. Const., Art. III, Sec. 39; Caples v. Cole, 129 Tex. 370, 102 S.W 2d 173 (1937); Union Assurance Society v. Equitable Trust Co., 122 Tex. 293, 58 S.W.2d 58 (1933); Att'y Gen. Op. V-927 (1949).

APPROVED:

Yours very truly,

J. C. Davis, Jr.
County Affairs Division

PRICE DANIEL
Attorney General

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

By Burnell Waldrep
         Assistant

BW:mw