ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 10, 2003

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

The Honorable Tim Curry
Tarrant County Criminal District Attorney
401 West Belknap
Fort Worth, Texas 76196-0201

Ms. Susan A. Spataro, C.P.A., C.M.A.
Travis County Auditor
Post Office Box 1748
Austin, Texas 78767

Opinion No. GA-0099

Re: Whether, if the Harris, Tarrant, or Travis County commissioners court elect to increase district judges' county salaries under section 32.101, 32.220, or 32.227 of the Government Code, the state comptroller must reduce the judges' state salaries under section 659.012 of the Government Code (RQ-0079-GA)

Dear Mr. Stafford, Mr. Curry, and Ms. Spataro:

You ask about the county salaries that may be paid to district judges in your counties. Mr. Stafford asks whether, if the Harris County Commissioners Court elects to increase district judges' county salaries under section 32.101 of the Government Code, as amended by Act of May 6, 2003, 78th Leg., R.S., ch. 100, § 1, 2003 Tex. Sess. Law Serv. 138, 138, section 659.012 of the Government Code requires the state comptroller to reduce the judges' state salaries.[1] Mr. Curry similarly asks whether the comptroller must reduce Tarrant County district judges' state salaries if the Tarrant County Commissioners Court increases the judges' county salaries under section 32.220 of the Government Code, as amended by Act of May 5, 2003, 78th Leg., R.S., ch. 62, § 3, 2003 Tex. Sess. Law Serv. 95, 96.[2] And Ms. Spataro asks about Travis County district judges' state salaries should the Travis County Commissioners Court increase the judges' county salaries under section

---

[1]*See* Letter from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Texas Attorney General (July 16, 2003) (on file with Opinion Committee) [hereinafter Harris County Request Letter].

[2]*See* Letter from Honorable Tim Curry, Tarrant County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Aug. 18, 2003) (on file with Opinion Committee) [hereinafter Tarrant County Request Letter].

32.227 of the Government Code, as amended by Act of May 23, 2003, 78th Leg., R.S., ch. 675, § 3, 2003 Tex. Sess. Law Serv. 2096, 2096.[3]

## I.    Relevant law

### A.    Section 659.012, Government Code

Section 659.012(a)(4) of the Government Code provides generally for district court judges to receive salaries from both the state and the county:

> Notwithstanding Section 659.011 [which requires the biennial appropriations act to specify the amounts of all state officers' and employees' salaries]:
>
>    . . .
>
> (4) a judge of a district court is entitled to an annual salary from the state that is 10 percent less than the salary provided in the General Appropriations Act for a justice of the supreme court, except that unless otherwise provided by law, the combined salary of a district judge from state and county sources may not exceed the amount that is $2,000 less than the salary provided for a justice of the supreme court.

TEX. GOV'T CODE ANN. § 659.012(a)(4) (Vernon Supp. 2003). Subsection (b) expressly provides for a contingency in the event section 659.001 conflicts with Government Code chapter 32: "To the extent of any conflict, the salary differential provided by this section for the combined salary of a district judge prevails over any differential set by Chapter 32." *Id.* § 659.012(b). Subsection (e) limits the district judges' state salaries: "If a salary combined with a county supplement would be in excess of the differential provided by this section, the comptroller shall reduce the state salary by the amount of the excess." *Id.* § 659.012(e).

Mr. Stafford asserts that the General Appropriations Act effective September 1, 2003, in accordance with section 659.012, sets the salary for a supreme court justice at $113,000 for the state fiscal years ending August 31, 2004 and August 31, 2005.[4] *See also* General Appropriations Act, 78th Leg., R.S., H.B. 1, art. IV (The Judiciary, Supreme Court of Texas ).[5] Under section 659.012(a)(4), he continues, "the state contribution to a district judge's salary, if not reduced

---

[3]*See* Letter from Susan A. Spataro, C.P.A., C.M.A., Travis County Auditor, to Honorable Greg Abbott, Texas Attorney General (Aug. 5, 2003) (on file with Opinion Committee) [hereinafter Travis County Request Letter].

[4]*See* Brief from Harris County Attorney's Office, to Opinion Committee, Office of Attorney General, at 3 (July 16, 2003) (on file with Opinion Committee) [hereinafter Harris County Attorney's Brief].

[5]*Available at* www.lbb.state.tx.us/The_LBB/Access/AppBills_LBEs.htm.

pursuant to subsection (e) would" equal ninety percent of that amount, or $101,700. Harris County Attorney's Brief, *supra* note 4, at 3.

## B.     Chapter 32, Government Code

Chapter 32 of the Government Code, which specifically authorizes particular counties to pay supplemental county salaries to district judges in those counties, was adopted in accordance with the legislature's duty to provide for the judicial system under article V of the Texas Constitution. *See* TEX. CONST. art. V; *Harris County v. Crooker*, 248 S.W. 652, 654-55 (Tex. 1923); *Tom Green County v. Proffitt*, 195 S.W.2d 845, 847 (Tex. Civ. App.–Austin 1946, no writ); *Garvey v. Matthews*, 79 S.W.2d 335, 336 (Tex. Civ. App.–San Antonio 1935, writ ref'd). The legislature's power "to fix the salary of [a] judge . . . is an incident to the power to create the court, and rests upon the same constitutional authority." *Garvey*, 79 S.W.2d at 336.

Section 32.101 provides expressly for Harris County district judges. Under the version of section 32.101 in effect prior to September 1, Harris County may have paid district judges, as a supplement to their state-paid salaries, "an annual salary of not less than $12,000 nor more than $25,000 for judicial and administrative services."[6] Prior to September 1, section 32.220, applying specifically to Tarrant County, authorized the Tarrant County Commissioners Court to pay district court judges "an annual salary of $8,000."[7] Section 32.227 specifically permitted the Travis County Commissioners Court to pay district court judges "an annual salary in an amount set by the commissioners court."[8]

Mr. Stafford explains that nothing in the laws effective prior to September 1 prevented "Harris County from granting a full $25,000 supplement to its judges," but this would not have increased the judges' total salaries: if Harris County provided a salary supplement larger than $9,300, the comptroller would have been required to reduce the state contribution under section 659.012(e) so that the total salary equaled $111,000. Harris County Attorney's Brief, *supra* note 3, at 3. Travis County's situation was identical: Prior to September 1, section 32.227 placed no limit on the amount Travis County may have paid its district judges. *See* Travis County Request Letter,

---

[6]Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 32.101(a), (c), 1985 Tex. Gen. Laws 1720, 1899, *amended by* Act of May 6, 2003, 78th Leg., R.S., ch. 100, § 1, 2003 Tex. Sess. Law Serv. 138, 138 (to be codified at TEX. GOV'T CODE ANN. § 32.101).

[7]Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 1, sec. 32.220(a), 1985 Tex. Gen. Laws 1720, 1911, *amended by* Act of May 5, 2003, 78th Leg., R.S., ch. 62, § 3, 2003 Tex. Sess. Law Serv. 95, 96 (to be codified at TEX. GOV'T CODE ANN. § 32.220).

[8]Act of Apr. 30, 1987, 70th Leg., R.S., ch. 148, § 2.46, sec. 32.227(a), 1987 Tex. Gen. Laws 534, 556, *amended by* Act of May 23, 2003, 78th Leg., R.S., ch. 675, § 3, 2003 Tex. Sess. Law Serv. 2096, 2096 (to be codified at TEX. GOV'T CODE ANN. § 32.227).

*supra* note 3, at 2.[9]  Yet, if the county opted to raise the judges' salaries so that their combined salaries exceeded the amount section 659.012(a)(4) specifies, section 659.012(e) would have required the comptroller to reduce the state salaries so that no judge received more than $111,000. *See* TEX. GOV'T CODE ANN. § 659.012(e) (Vernon Supp. 2003).

All three of these specific statutes—sections 32.101, 32.220, and 32.227—were amended in the legislature's most recent regular session to permit Harris, Tarrant, and Travis counties to increase county salaries paid to district judges.  For instance, noting, under the pre-September 1 version of section 32.101, that Harris County was unable to compensate its district judges enough to retain them, in May 2003 the legislature enacted Senate Bill 828, which amends section 32.101 to allow "Harris County to increase the supplemental salary paid to district judges." SENATE COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex. S.B. 828, 78th Leg., R.S. (2003).  The amended section 32.101, which became effective September 1, removes a limit on the amount that the Harris County Commissioners Court may pay its district court judges, "[n]otwithstanding section 659.012":

> *Notwithstanding Section 659.012, the* [The] Commissioners Court of Harris County *may* [shall] budget for and pay the judges of the district courts having jurisdiction in that county an annual salary *in an amount set by the commissioners court* [of not less than $12,000 nor more than $25,000] for judicial and administrative services.[10]

The legislature similarly amended the statutes applicable to Tarrant and Travis counties.  Section 32.220(a), Government Code, was amended to read as follows:

> (a) *Notwithstanding section 659.012, the* [The] Commissioners Court of Tarrant County *may budget and* [shall] pay the judges of the district courts . . . an annual salary *in an amount set by the commissioners court* . . . .[11]

Section 32.227(a), Government Code, was amended to read as follows:

---

[9]*See* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 148, § 2.46, sec. 32.227(a), 1987 Tex. Gen. Laws 534, 556, *amended by* Act of May 23, 2003, 78th Leg., R.S., ch. 675, § 3, 2003 Tex. Sess. Law Serv. 2096, 2096 (to be codified at TEX. GOV'T CODE ANN. § 32.227).

[10]Act of May 6, 2003, 78th Leg., R.S., ch. 100, § 1, 2003 Tex. Sess. Law Serv. 138, 138 (to be codified at TEX. GOV'T CODE ANN. § 32.101); *see id.* § 3 (effective date).

[11]Act of May 5, 2003, 78th Leg., R.S., ch. 62, § 3, 2003 Tex. Sess. Law Serv. 95, 96 (to be codified at TEX. GOV'T CODE ANN. § 32.220).

> (a) *Notwithstanding Section 659.012, the* [~~The~~] Commissioners Court of Travis County may pay the judges of the district courts . . . an annual salary in an amount set by the commissioners court . . . .[12]

The Tarrant and Travis County bills' legislative histories indicate simply that the bills remove "the salary cap" on the amount Tarrant and Travis counties may pay their district judges. *See* FISCAL NOTE, Tex. H.B. 858, 78th Leg., R.S. (2003); SENATE COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex. Comm. Substitute H.B. 2402, 78th Leg., R.S. (2003). Like the amended section 32.101, the amended sections 32.220 and 32.227 took effect on September 1, 2003.[13]

## II.    Analysis

Mr. Stafford questions whether, if the Harris County Commissioners Court now increases district judges' salaries under section 32.101, section 659.012(e) requires the comptroller to reduce the state salaries so that the judges' combined salaries would not exceed an amount that is $2,000 less than a supreme court justice's salary. *See* Harris County Request Letter, *supra* note 1, at 1. Put another way, he asks "whether the words '[n]otwithstanding Section 659.012,'" inserted into section 32.101 by Senate Bill 828, "merely remove[] the limit found in subparagraph (a)(4) of [s]ection 659.012 (limiting a Harris County judge's total salary, received from both the county and the state), or whether [they] also remove[] the effect of [s]ubsection (e) (requiring the comptroller to reduce the amount of funds provided by the state)." Harris County Attorney's Brief, *supra* note 4, at 3. Mr. Curry and Ms. Spataro likewise ask about the effect of the phrase "[n]otwithstanding Section 659.012" added to their counties' statutes, sections 32.220(a) and 32.227(a). *See* Tarrant County Request Letter, *supra* note 2, at 1; Travis County Request Letter, *supra* note 3, at 2.

By "notwithstanding," the legislature meant that sections 32.101, 32.220, and 32.227 override conflicting provisions of section 659.012. *See In re Eubanks*, 219 B.R. 468, 470 (B.A.P. 6th Cir. 1998); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (stating that statutory words must be construed consistently with common usage); *Williamson v. Schmid*, 229 S.E.2d 400, 402 (Ga. 1976) (stating that the natural and ordinary meaning of the word "notwithstanding" is "without obstruction from" or "in spite of"); *King v. Sununu*, 490 A.2d 796, 800 (N.H. 1985) (stating that the plain meaning of the word "notwithstanding" is "without prevention or obstruction from or by," or "in spite of"). Indeed, the author of the 2003 bill that amended section 32.101, Senate Bill 828, explained the use of the word "notwithstanding" to make the $2,000 differential required by section 659.012 inapplicable to Harris County: "What I am proposing to do is to say that 'notwithstanding' the original Government Code language in [chapter] 659, which says that it must stay within less than $2,000 of the supreme court judge. 'Notwithstanding' that, get back and allow the language

---

[12]Act of May 23, 2003, 78th Leg., R.S., ch. 675, § 3, 2003 Tex. Sess. Law Serv. 2096, 2096 (to be codified at TEX. GOV'T CODE ANN. § 32.227); *see also id.* § 1, 2003 Tex. Sess. Law Serv. 2096, 2096 (to be codified at TEX. GOV'T CODE ANN. § 32.043(a)) (adding "[n]otwithstanding [s]ection 659.012" to the Collin County district judges' statute).

[13]*See* Act of May 5, 2003, 78th Leg., R.S., ch. 62, § 3, 2003 Tex. Sess. Law Serv. 95, 96; Act of May 23, 2003, 78th Leg., R.S., ch. 675, § 3, 2003 Tex. Sess. Law Serv. 2096, 2096.

in section 32.101 to be implemented." *Hearings on Tex. S.B. 828 Before the Senate Comm. on Jurisprudence*, 78th Leg., R.S. (Apr. 9, 2003) (statement of Senator Whitmire) (tape available from Senate Staff Services Office).

Moreover, the "notwithstanding" phrase expressly applies not just to section 659.012(a)(4), but to section 659.012 in its entirety. The phrase used in sections 32.101, 32.220, and 32.227, "[n]otwithstanding [s]ection 659.012," does not specify a particular subsection or provision of section 659.012, as we believe it would if the legislature intended to limit the phrase's reach.[14] Additionally, as you point out, if the comptroller can adjust a district judge's salary so that the judge would never receive more than section 659.012(a)(4) allows, the recent amendments to sections 32.101, 32.220, and 32.227 have little meaning. We are instructed to construe legislative enactments to have meaning. *See* TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998).

Despite the phrase "[n]otwithstanding [s]ection 659.012" in sections 32.101, 32.220, and 32.227, section 659.012 also contains a conflict provision: "To the extent of any conflict, the salary differential provided by this section for the combined salary of a district judge prevails over any differential set by Chapter 32." *Id.* § 659.012(b) (Vernon Supp. 2003). If the conflict provision in section 659.012 prevails over the conflict provisions in sections 32.101, 32.220, and 32.227, of course, then the total salary of a district judge in Harris, Tarrant, or Travis County may not exceed the amount described in section 659.012(a)(4), regardless of the amount of the judge's county salary.

Sections 32.101, 32.220, and 32.227 prevail as later enacted local provisions. First, the 2003 amendments to the relevant sections of chapter 32 were adopted more recently than the relevant portions of section 659.012. Generally, when two statutes are irreconcilable, the later enacted statute prevails. *See id.* § 311.025(a) (Vernon 1998). The substance of section 659.012(b), which provides that the salary differential provided by section 659.012 prevails over a conflicting differential provided in chapter 32, was added to section 659.012's statutory predecessor in 1989.[15] Second, sections 32.101, 32.220, and 32.227 prevail as local exceptions to section 659.012. The special or local provision prevails as an exception to a conflicting general provision. *See id.* § 311.026(b). While section 659.012 relates to state court judges generally, section 32.101 relates to Harris County district judges specifically, section 32.220 relates to Tarrant County specifically, and section 32.227 relates to Travis County specifically. *See Hearings on Tex. S.B. 828 Before the Senate Comm. on Jurisprudence*, 78th Leg., R.S. (Apr. 9, 2003) (testimony of Senator Whitmire) (tape available from Senate Staff Services Office) (characterizing the bill proposing amendments to section 32.101 as a "local bill").

---

[14]Act of May 6, 2003, 78th Leg., R.S., ch. 100, § 1, 2003 Tex. Sess. Law Serv. 138, 138 (to be codified at TEX. GOV'T CODE ANN. § 32.101(a)); Act of May 5, 2003, 78th Leg., R.S., ch. 62, § 3, 2003 Tex. Sess. Law Serv. 95, 96 (to be codified at TEX. GOV'T CODE ANN. § 32.220(a)); Act of May 23, 2003, 78th, Leg., R.S., ch. 675, § 3, 2003 Tex. Sess. Law Serv. 1096, 1096 (to be codified at TEX. GOV'T CODE ANN. § 32.227(a)).

[15]*See* Act of May 24, 1989, 71st Leg., R.S., ch. 1258, § 1, sec. 3(b), 1989 Tex. Gen. Laws 5073, 5074.

In addition, section 659.012 expressly acknowledges that some district judges may be excepted from its reach. Section 659.012(a)(4) states that a district judge's salary may not exceed "the amount that is $2,000 less than" a supreme court justice's salary "unless otherwise provided by law." *See* TEX. GOV'T CODE ANN. § 659.012(a)(4) (Vernon Supp. 2003).

We therefore conclude that, should the Harris, Tarrant, or Travis County commissioners court decide to increase the salaries it pays to district judges, the comptroller may not reduce the judges' state salaries so that they receive no more than section 659.012(a)(4) allows. *See also Hearings on Tex. S.B. 828 Before the Senate Comm. on Jurisprudence,* 78th Leg., R.S. (Apr. 14, 2003) (statement of Senator Whitmire) (tape available from Senate Staff Services Office) (stating that removing the cap on the county's district judges' salaries "does not affect the state allocation"); FISCAL NOTE, Tex. S.B. 828, 78th Leg., R.S. (2003) (anticipating "[n]o fiscal implication to the State" with respect to Harris County provision); FISCAL NOTE, Tex. H.B. 858, 78th Leg., R.S. (2003) (same with respect to Tarrant County provision); FISCAL NOTE, Tex. H.B. 2402, 78th Leg., R.S. (2003) (same with respect to Collin and Travis County provisions).

Certain provisions in the 2004-2005 General Appropriations Act appear to conflict with chapter 32's specific provisions. Under the Appropriations Act, which became effective on September 1, each district court "shall file a sworn statement with the [c]omptroller . . . setting forth the yearly amounts to be received from state and county as salary payments during the ensuing fiscal year." General Appropriations Act, 78th Leg., R.S., H.B. 1, art. IV (Special Provisions - Judiciary § 2).[16] The Appropriations Act provides that the comptroller shall then use the filed statements to "determine . . . that the required salary differential set out in Government Code § 659.012 is maintained. In the event a salary [exceeds] the differential provided by law, the [c]omptroller is directed to reduce the state's portion of that salary by the amount of excess." *Id.* Finally, "[t]he appropriations for" district court judges' salaries "are made contingent upon strict compliance with the provisions of this section and the [c]omptroller shall have no authority to issue a warrant for salaries which violate these provisions." *Id.* If the comptroller were to comply with the Appropriations Act, she would contravene sections 32.101, 32.220, and 32.227 of the Government Code.

Sections 32.101, 32.220, and 32.227 prevail over the General Appropriations Act's conflicting provisions. A rider in the Appropriations Act may not attempt to alter existing substantive law, *see* TEX. CONST. art. III, § 35(a); *Strake v. Ct. App. for the First Supreme Judicial Dist. of Tex.,* 704 S.W.2d 746, 748 (Tex. 1986), which is, in effect, what these requirements in the Appropriations Act attempt to do. As we have determined, Harris, Tarrant, and Travis counties are authorized, by sections 32.101, 32.220, and 32.227 of the Government Code, respectively, to increase the county salaries paid to district judges in those counties, and if they do, the comptroller may not reduce the state salaries in accordance with section 659.012(e). To the extent that the Appropriations Act authorizes the comptroller to do something that she is unauthorized to do by statute, it unconstitutionally amends general law. *See Strake,* 704 S.W.2d at 748.

---

[16]*Available at* www.lbb.state.tx.us/The_LBB/Access/AppBills_LBEs.htm.

## S U M M A R Y

If the commissioners court of Harris, Tarrant, or Travis county chooses to increase its district judges' county salaries under section 32.101, 32.220, or 32.227 of the Government Code, the comptroller may not reduce the judges' state salaries in accordance with section 659.012(e) of the same code. To the extent the General Appropriations Act requires the comptroller to reduce the state salaries in this situation, it unconstitutionally seeks to amend general law.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee